Appeal dismissed, without costs or disbursements. *(See, Matter of Ellman,* 177 AD2d 803.) Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.

■ In the Matter of MARCELINA F., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; DESIREE G. et al., Respondents.—In a child protective proceeding pursuant to Family Court Act

article 10, the appeal is from an order of the Family Court, Queens County (Gilman, J.), dated June 7, 1985, which, after a hearing, dismissed the petition.

Order modified, on the law and the facts, by granting the petition to the extent of finding the infant Marcelina F. to be neglected by respondent mother Desiree G. As so modified, order affirmed, without costs or disbursements, and proceeding remitted to the Family Court, Queens County, for a dispositional hearing. Pending the hearing and the entry of a dispositional order, the child is committed to the custody of the petitioner, the Commissioner of Social Services of the City of New York.

A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]).

The injuries here, the bruised nose, black eyes, loss of hair, bruised buttocks and severely infected finger, would not ordinarily occur or exist except by reason of the acts or omissions of the parent and, therefore, constitute prima facie evidence of neglect (Family Ct Act § 1046 [a] [ii]). Accordingly, the Commissioner met his burden of establishing neglect and the burden then shifted to the respondents to present a satisfactory explanation (see, Matter of Rose B., 79 AD2d 1044, 1045).

The respondent mother failed to present a satisfactory explanation to rebut the petitioner's prima facie showing of neglect. She explained the child's extensive hair loss by stating that the two-year-old child had chewed up a piece of gum and then stuck it in her hair. The respondent mother took the gum out of the hair by pulling it out along with some hair. The mother claimed that the child's facial injuries occurred at the same time as the bruised buttocks, when the child fell off a bed. However, unrefuted medical testimony established that the bruise to the buttocks was several days older than the facial injuries, and that it was highly unlikely that the long narrow bruise on the child's buttocks had been sustained in a fall. Furthermore, the child's maternal grandmother testified that her daughter had explained that the bruise was from a spanking.

The child also had an infection on her finger that was so severe that it was jeopardizing the child's nail and nailbed and, if left untreated, would have entered the bone. The mother was aware of the infection, but presumed it would heal.

We find that a preponderance of the evidence establishes that Marcelina is a neglected child and that the Family Court erred in dismissing the petition as to the respondent mother.

As to the defendant Alido M., the mother's alleged paramour, we find that the evidence was insufficient to establish that he was found at regular intervals in the same household as Marcelina or that his conduct caused or contributed to the neglect of the child (see, Family Ct Act § 1012 [a], [g]). Accordingly, the Family Court did not err in dismissing the petition as to respondent Alido M. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.