■ In the Matter of C. CHILDREN. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; ANGELA C., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a dispositional order of the Family Court, Queens County (Clark, J.), dated May 1, 1991, which, upon an order of the same court, dated February 5, 1991, which, after a fact-finding hearing, found that the respondent had abused her child Antoine and had neglected her child Katoine, *inter alia,* placed the children in the custody of the Commissioner of Social Services of the City of New York until the end of the 1990-1991 school year, at which time the children would be returned to the respondent on the condition that she undergo counseling.

Ordered that the order is affirmed, without costs or disbursements.

The subjects of the instant abuse and neglect proceeding are the respondent's two infant children, Antoine and Katoine, who were six years old and two years old respectively, at the time the proceeding was commenced. On or about December 5, 1990, Antoine was observed at school with a large scar or bruise and scratches on his face. He told a caseworker from the Child Welfare Administration that his mother beat him with a belt buckle whenever he did anything wrong, and that he had a mark on his face and a bruise on his back where he had been hit.

The caseworker spoke with respondent, who admitted that she routinely used a belt to discipline her two children. In fact, she showed the caseworker two different belts, each with a buckle, the larger of which was used on Antoine and the smaller of which was used on Katoine. She admitted striking Antoine in the face with the buckle while attempting to discipline him for pushing his brother and telling lies. She claimed that she accidentally left a mark on Antoine's cheek, just under the eye. When the caseworker suggested other methods of discipline, the respondent insisted that belt beatings were the only effective means of punishment and indicated that she intended to continue disciplining her children in this fashion.

The caseworker observed that Antoine had some old marks on his arm and nose. The two children were brought to a hospital where each was observed to have old and new bruises on his body.

The Family Court found that the mark on Antoine's face had not been inflicted accidentally or inadvertently and concluded that the child had been abused as defined under Family Court Act § 1012. The court also found that Katoine was a neglected child. We affirm.

A child need not sustain a serious injury in order to justify a finding that he or she has been abused. It is sufficient to show that the child was subjected to a substantial risk of physical injury which would be likely to cause serious or protracted disfigurement, or protracted impairment of his physical or emotional health (see, Family Ct Act § 1012 [e] [ii]; *Matter of Bruce L.,* 140 Misc 2d 757). Here, the respondent subjected Antoine to a substantial risk of serious physical injury by the excessive use of a belt, with a buckle, striking a blow that landed perilously close to the child's eye. She compounded the danger to the child by thereafter insisting that she would continue to inflict such punishment in the future. The evidence was clearly sufficient to establish that Antoine was an abused child.

The evidence also supports the Family Court's finding that Katoine was a neglected child because of the excessive corporal punishment inflicted upon him (see, Family Ct Act § 1012 [f] [i] [B]; *see also, Matter of Christina Maria C.,* 89 AD2d 855). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.