■ In the Matter of A. CHILDREN, Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; VICTORIA A., Appellant.—In a proceeding pursuant to Family Court Act article 10, the mother appeals from a dispositional order of the Family Court, Kings County (Palmer, J.), entered November 8, 1990, which, upon a fact-finding order of the same court, dated December 13, 1989, which, after a hearing, held that she neglected her three children, placed her three children with the Commissioner of Social Services of the City of New York for 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There was ample evidence to support the Family Court's determination that the appellant neglected her three children. Medical records indicated that the appellant failed to obtain treatment for one of her children's sprained and swollen leg (see, Family Ct Act § 1012 [f] [i] [A]). The assigned caseworker testified that the appellant admitted that she regularly used crack cocaine (see, Family Ct Act § 1012 [f] [i] [B]). Further, the caseworker testified as to the deplorable conditions at the appellant's apartment, which included exposed electric wires, seeping rainwater, broken windows, lack of lighting, and ankle-deep garbage (see, Family Ct Act § 1012 [f] [i] [A]). Lastly, the caseworker testified as to the lack of care provided for the children (see, Family Ct Act § 1012 [f] [i] [A]). Specifically, the caseworker observed that the children were wearing

filthy and ill-fitting clothing, had not bathed, and smelled of urine (see also, Matter of Joey T., 185 AD2d 851; Matter of Scott X., 184 AD2d 866; Matter of C. Children, 183 AD2d 767).

We find no merit to the appellant's contention that she was not afforded effective assistance of counsel (see, Matter of Erin G., 139 AD2d 737).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.