■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOSEPH H., Respondent. CAROL H., Appellant. [595 NYS2d 234] —In a child abuse proceeding pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of the Family Court, Nassau County (Decker, J.), dated August 16, 1991, which, after a hearing, found Joseph H. to be an abused child.

Ordered that the order is affirmed, without costs or disbursements.

A child need not sustain a serious injury in order to justify a finding that he has been abused. It is sufficient to show that the child was subjected to a substantial risk of physical injury which would be likely to cause serious or protracted disfigurement, or protracted impairment of his physical or emotional health *(see,* Family Ct Act § 1012 [e] [ii]; *Matter of C. Children,* 183 AD2d 767, 768; *Matter of Bruce L.,* 140 Misc 2d 757). The injuries sustained by the infant in this case would not ordinarily occur or exist except by reason of the acts or omissions of the person responsible for Joseph's care and, therefore, constitute prima facie evidence of child abuse *(see,* Family Ct Act § 1046; *Matter of Marcelina F.,* 117 AD2d 803, 804; *Matter of Cerda,* 114 AD2d 795). Accordingly, the petitioner met its burden of establishing abuse and the burden then shifted to

Joseph's grandmother to present a satisfactory explanation *(see, Matter of Marcelina F., supra; Matter of Cerda, supra).*

Joseph's grandmother failed to present a satisfactory explanation to rebut the petitioner's prima facie showing of abuse. The testimony of the grandmother's witnesses that Joseph is a very active child who frequently throws temper tantrums and runs into things, injuring himself, was rebutted by the testimony of a pediatrician who testified that, because of their large number and random location, Joseph's bruises were not consistent with having been caused by falling, or contact with blunt objects, or even with injuries which could be incurred during temper tantrums. In his opinion, they were not self-inflicted. Moreover, Joseph's foster mother testified that, although Joseph occasionally throws temper tantrums, she has never seen him injure himself during one.

In view of the foregoing, we are satisfied that the finding of abuse was supported by a fair preponderance of the credible evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Joey T.,* 185 AD2d 851). Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.