■ In the Matter of ANGELIQUE H. and Others, Children Alleged to be Abused and/or Neglected. LOUISE H., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [627 NYS2d 31] —Order, Family Court, New York County (Mary E. Bednar, J.), entered February 28, 1994, which, inter alia, incorporated an earlier fact finding determination that dismissed an allegation of child abuse of the child

Troy and made a finding of neglect, modified to the extent appealed from, on the law and on the facts, a finding of child abuse made and, except as thus modified, affirmed, without costs and disbursements.

As the record sufficiently shows, respondent, the child's mother, intentionally burned four-year-old Troy's hand by placing it over a lit stove burner to "teach him a lesson" for having played with matches. The child suffered second degree burns, which were treated at the emergency room of Harlem Hospital Center. According to the hospital records, the blistering was debrided and the burns treated with silver nitrate and Bacitracin ointment. Despite its finding that respondent had deliberately burned her son's hand, the Family Court held that no finding of abuse could be made in the absence of medical testimony that the child had sustained an injury which causes or creates a substantial risk of protracted disfigurement or impairment. Finding, however, that burning Troy's hand was "inappropriate under any circumstances", the court amended the petition by deleting the allegation of child abuse and made a finding of neglect based on excessive corporal punishment. The court also entered findings of derivative neglect as to respondent's two other children. We modify to find child abuse as well.

Once the court found that respondent had intentionally burned her son Troy's hand, it should have made a finding of abuse. Family Court Act § 1012 (e) (ii) defines an abused child as a child whose parent "creates * * * a substantial risk of physical injury to such child by other than accidental means which would be likely to cause * * * serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ." Thus, the child need not sustain a serious injury for a finding of abuse as long as the evidence demonstrates that the parent sufficiently endangered the child by creating a substantial risk of serious injury. (*Matter of Nassau County Dept. of Social Servs. [Joseph H.] [Carol H.]*, 191 AD2d 634, *lv denied* 82 NY2d 652.) Placing a child's hand over a fire to the point where he or she sustains second degree burns and blistering could easily result in serious or protracted disfigurement, protracted impairment of physical or emotional health and/or protracted impairment and resulting loss of function. The risk of serious injury was compounded here since, according to the hospital records, respondent waited a full day to seek medical attention for the burns.

In any event, the medical evidence presented in the hospital records demonstrated that the child was sufficiently injured to warrant a finding of abuse under Family Court Act § 1012 (e) (i). It shows that the child sustained an injury which, if it did not actually cause serious impairment of his right hand and fingers, "create[d] a substantial risk of * * * protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]). Thus, the evidence compels a finding of abuse as well as neglect. The same conduct may justify a finding as to both abuse and neglect. (*Matter of C. Children,* 183 AD2d 767, 768.) While placing a child's hand over a lit stove burner can never be justified, it nevertheless constitutes corporal punishment which can be viewed as excessive. *(See,* Family Ct Act § 1012 [f] [i] [B].)

Our modification is not, as the dissent would have it, a matter of mere semantics. The consequences of an abuse finding pursuant to Family Court Act § 1012 (e) (i) may be quite serious, since, at the very least, such a finding may serve as a basis for a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground that the child has been repeatedly abused. *(See,* Social Services Law § 384-b [4] [e]; [8] [b].) Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

I consider this case a matter of semantics. As the majority states, the Family Court "made a finding of neglect based on *excessive corporal punishment."* (Emphasis added.)

We have no disagreement as to what occurred and the consequences. There was no need for this appeal.