(February 15, 1996)

■ In the Matter of MICHAEL S., a Child Alleged to be Neglected and/or Abused. RHONDA C. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [638 NYS2d 23] —Order, Family Court, New York County (Sheldon Rand, J.), entered April 20, 1994, which, after a fact-finding hearing, determined that the respondent parents had neglected their son and, after a dispositional hearing, placed him in the custody of the petitioner, Commissioner of Social

Services of the City of New York, for a period of up to twelve months, unanimously modified, on the law and on the facts, to include in the fact-finding determination a finding of child abuse, to remand the matter to Family Court, before another Judge, for a new dispositional hearing, and, except as thus modified, affirmed, without costs or disbursements.

It was error to refuse to find, as requested, that the child, only seven months old at the time of the filing of the petition, had been abused by the parents. At an examination at Mt. Sinai Hospital he was found to have sustained multiple injuries at "locations of the body that are very difficult for a child to injure on [his/her] own." These injuries, at different stages of healing, included a lesion on the child's abdominal wall, burns on the back of his neck and left buttock, as well as burns on the hand, left forearm, left upper arm, right arm and multiple abrasions. The child's condition, on admission, met the hospital's definition of "failure to thrive". His height and weight "were significantly below the lowest percentile for children of the same age" without any organic cause being indicated. In his one week stay at the hospital, the child gained twice the amount of weight a child his age would be expected to gain in such a period of time. Based on the child's rapid weight gain, the hospital's Assistant Chairman of the Department of Pediatrics and Pediatric Medical Education concluded that "he had not received adequate calories at home." In addition, there was uncontroverted proof that both parents were drug abusers.

Based on this evidence, Family Court made a finding of neglect based on the respondent parents' use of excessive corporal punishment and their abuse of drugs while the child was in their care. In light of the evidence, which overwhelmingly established that the child had been physically abused, the court should have also made a finding of abuse. The expert medical testimony showed that the child had sustained numerous burns and abrasions on his face, arms, neck, chest, back and legs, that these injuries occurred on different occasions and, further, that many of them could not have occurred accidentally. It is difficult to imagine that such injuries to an infant of tender years could be self-inflicted. Even though Family Court recognized that the injuries were not accidental but deliberately inflicted, it refused to make a finding of abuse, as sought by the Commissioner and Law Guardian.

Family Court Act § 1012 (e) (i) provides that an "abused child" is one whose parent "inflicts or allows to be inflicted upon such child physical injury by other than accidental means

which causes or creates a substantial risk of * * * serious or protracted disfigurement, or protracted impairment of physical or emotional health". Family Court Act § 1046 (a) (ii) provides that a prima facie case of abuse is established by "proof of injuries sustained by a child * * * of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child". Once a prima facie case has been established, the "burden of going forward shifts to respondents to rebut the evidence of parental culpability." (*Matter of Philip M.*, 82 NY2d 238, 244.) The parents failed to rebut the prima facie case of abuse. Contrary to their argument, it is not necessary that the child sustain a serious injury. It is sufficient that the evidence supports a finding that they created or allowed "to be created a substantial risk of physical injury to [the] child by other than accidental means which would be likely to cause * * * serious or protracted disfigurement, or protracted impairment of physical or emotional health" (Family Ct Act § 1012 [e] [ii]; *Matter of C. Children,* 183 AD2d 767, 768). It is clear the injuries were not accidentally caused. The mother did not testify and Family Court rejected the father's feeble explanation that the injuries were inflicted by a babysitter.

Family Court erroneously viewed the infliction of the injuries testified to as "excessive corporal punishment." This conclusion has no basis in the record whatsoever. The only explanation offered was that the injuries occurred while in the babysitter's care, an excuse rejected by the court. No claim was made that the injuries were incurred while punishing the child for misbehavior. Nor is there any reason to infer that this is what happened. After all, the child was only seven months or less when these injuries were incurred. The child's mobility was further limited by his delayed development, caused by the parents' failure to provide him with adequate nutrition.

On the basis of such a record, we exercise our fact-finding jurisdiction and make a finding of abuse in addition to Family Court's finding of neglect based on the parents' drug abuse. The dispositional hearing should be held before another Judge and we have so provided. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.