■ In the Matter of VENUS S. and Others, Children Alleged to be Abused and/or Neglected. ELIZABETH S., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [644 NYS2d 223]

Petitioner established by a preponderance of the evidence that the children had been sexually abused by respondent's friend "Joey" and that respondent had been informed of the abuse by the children but failed to take any steps to protect them (*Matter of Jaquay O.*, 223 AD2d 422, *lv denied* 88 NY2d 801). Indeed, respondent allowed Joey, a person whom she hardly knew, to return to the apartment after barring him therefrom on the second occasion that nine-year-old Jacob reported to her that Joey had pulled down his pants. Respondent's testimony that she was unaware of any sexual abuse by Joey, and that Jacob had informed her on three separate occasions that Joey had pulled down his pants but not his underpants, failed to rebut petitioner's prima facie showing of abuse (*Matter of Jasmin O.*, 222 AD2d 240). Nor does the record support Family Court's finding that respondent's beatings of Jacob with a belt constituted excessive corporal punishment instead of abuse, there being no evidence that respondent hit Jacob due to any misbehavior on his part, but only respondent's discredited denial that she ever used a belt when disciplining the children (*Matter of Michael S.*, 224 AD2d 277, 279). Accordingly, we exercise our fact-finding jurisdiction and make a finding of abuse, in addition to Family Court's finding of neglect, based upon respondent's failure to protect the children from sexual abuse by Joey and her beating of Jacob with a belt. The dispositional hearing should be held before another Judge. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Mazzarelli, JJ.