■ In the Matter of MICHAEL R. ANNETTE S., Appellant; NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES et al., Respondents. (Proceeding No. 1.) In the Matter of S. CHILDREN, Alleged to be Abused and Neglected. ANNETTE S., Appellant; NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 2.) [646 NYS2d 269]

The mother contends that a finding of abuse was not supported by a preponderance of the evidence. We disagree.

A child need not sustain a serious injury to justify a finding of abuse. It is sufficient to show that the child was subjected to a substantial risk of serious physical injury (*see,* Family Ct Act § 1012 [e]; *Matter of Nassau County Dept. of Social Servs. [Joseph H.],* 191 AD2d 634; *Matter of C. Children,* 183 AD2d 767). Furthermore, evidence of abuse of one child may be considered as evidence of abuse of another child (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Michelle I.,* 189 AD2d 998).

The record reveals that the children were subjected to an ongoing pattern of serious violence by their father, Frank S. In addition, the testimony of the children and the mother revealed that the mother failed to protect the children from the violent tirades of Frank S. or to act as a reasonably prudent parent would under the circumstances.

In view of the foregoing, we are satisfied that the finding that the mother abused her children was supported by a preponderance of the evidence (*see, Matter of Marcos C.,* 186 AD2d 446; *Matter of Carrie R.,* 156 AD2d 756).

The mother's remaining contention is without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.