■ In the Matter of JOHANNAH QQ., a Child Alleged to be Abused and/or Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREDERICK QQ., Appellant, et al., Respondent. [698 NYS2d 783] —Mugglin, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered April 27, 1999, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court article 10, to adjudicate Johannah QQ. an abused and/or neglected child.

Based on the hospital records and the testimony of a State Police investigator and two child protective workers, Family Court found that the 17-year-old child who is the subject of this proceeding was both an abused and neglected child within the definitions contained in Family Court Act § 1012 (e) and (f). Family Court found that "on or about July 2-3, 1998, respondent father inflicted numerous bruises on the child by hitting her with a belt" and "on an on-going basis, the father inflicted excessive corporal punishment on the child" had been established by the testimony of the witnesses. Due to the failure by respondent mother to intervene, Family Court also found that she had abused and neglected her child.

Based on these findings, Family Court issued a dispositional order pursuant to Family Court Act § 1056 for the protection of the child, placing the child in the custody of petitioner until her 18th birthday "or no later than September 30, 1999, with the child's consent", and pursuant to Family Court Act § 1057 respondents were placed under the supervision of petitioner until September 30, 1999. Two of the conditions of the supervision order were that both respondents submit to mental health evaluation, and that the father not possess or have any firearms in the home.

The mother has not appealed from this order. The father does not contest the finding of neglect on this appeal but asserts that there is insufficient evidence in the record to substantiate the finding of abuse against him, that Family Court lacked the authority to order that he not possess firearms and that Family Court erroneously placed him under supervision that extended beyond the child's 18th birthday, which occurred May 23, 1999.

In order to sustain a finding that a child is an abused child within the meaning of the statutory definition found in Family Court Act § 1012 (e), Family Court must find that a parent has (i) inflicted or allowed to be inflicted physical injury on the child which "causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or (ii) creates or allows to be created a substantial risk of * * * [the same], or (iii) commits, or allows to be committed, a sex offense against such child".

As applicable to the facts of this case, Family Court Act § 1012 (f) (i) defines a neglected child as one less than 18 years of age whose "physical, mental or emotional condition has been impaired * * * as a result of the failure of [the] parent * * * in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment".

We agree with the father that the proof in this case is inadequate to establish abuse (*compare, e.g., Matter of Michael R.,* 228 AD2d 684, *lv dismissed* 93 NY2d 921; *Matter of Michael S.,* 224 AD2d 277; *Matter of Angelique H.,* 215 AD2d 318; *with Matter of Jennifer Q.,* 235 AD2d 827; *Matter of Shawn BB.,* 239 AD2d 678). Striking the child with his hands and belt is excessive corporal punishment within the neglect definition but does not rise to the level of abuse. Family Court, based on the child's ill feelings toward her father, concluded that her emotional health was seriously protracted. While the relationship between father and daughter is undoubtedly poor, there is no evidence in the record that the daughter's emotional health has been impaired on a protracted basis.

We find no necessity to address the other issues raised by the father. The order of supervision expired September 30, 1999 and, therefore, the other issues raised are moot (*see, Matter of Kevin R.,* 193 AD2d 351, 352, *appeal dismissed* 82 NY2d 735).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as found respondents' child to be abused, and, as so modified, affirmed.