■ In the Matter of ANIYAH F., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MONICA F. et al., Respondents. (Proceeding No. 1.) In the Matter of ALICE F., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MONICA F. et al., Respondents. (Proceeding No. 2.) In the Matter of OLIVIA F.-G.,

a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MONICA F. et al., Respondents. (Proceeding No. 3.) [788 NYS2d 119]—

In three related child protective proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals, as limited by its brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Hunt, J.), dated December 17, 2003, as, after fact-finding and dispositional hearings, dismissed so much of the petition with respect to the child Olivia F. as alleged that the aunt, Lauryne F., abused the child, and, in effect, dismissed so much of that petition as alleged that the mother, Monica F., abused Olivia F.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petition which alleged that the aunt, Lauryne F., and the mother, Monica F., abused the child Olivia F. are reinstated, and those branches of the petition are sustained.

The petitioner filed allegations of child abuse when Monica F.'s five-month-old daughter, Olivia F., was diagnosed with a left subdural hematoma, a scalp hematoma, a circular scar on her forehead, healed fractures of two bones in her right arm, and a lip abrasion. The injuries were incurred while the child was in the custody of Monica F. and the care of Lauryne F. Based on those allegations, the mother was found guilty of neglect, was placed under the petitioner's supervision for a period of 12 months, and was directed to make provisions for appropriate child care for the children with the petitioner's assistance.

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of an injury which ordinarily would not occur absent an act or omission of the respondents, and which occurs at a time when the respondents were the caretakers of the child (see Matter of Philip M., 82 NY2d 238, 243 [1993]). Although the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the respondents abused or neglected the subject children, once a prima facie case is established, the burden shifts to the respondents, who are then required to offer a satisfactory explanation for the injuries (see Matter of Philip M., supra at 244).

The respondents failed to provide a satisfactory explanation for the injuries. Taken as a whole, the evidence was sufficient to sustain the allegations of abuse against Monica F., Olivia's mother, and Lauryne F., Olivia's aunt, since they were persons legally responsible for Olivia F. (*see* Family Ct Act § 1012 [g]). Therefore, findings of abuse should have been made against Monica F. and Lauryne F. (*see Matter of Brittney C.*, 242 AD2d 533, 534 [1997]) .We note that the appellant has stated that no new or further disposition is requested or required, and we find that no new or further disposition is appropriate under the circumstances of this case. Therefore we do not remit the matter to the Family Court for a further dispositional hearing. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.