■ In the Matter of RASHARD D., a Child Alleged to be Abused or Neglected. TAMARA R., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. [791 NYS2d 1]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 16, 2004, which, to the extent appealed from as limited by the brief, after a fact-finding hearing,

dismissed the petition insofar as it as it alleged that the subject child was abused by respondent mother, unanimously reversed, on the law, without costs, and the case remanded for the entry of a finding of abuse.

At the age of 12, the child was directed by respondent to rob a bank. Respondent told her son to write a demand note stating: "GIVE ME $30,000 OR I WILL SHOOT YOU!!!" She gave the child specific instructions, including directions to the bank, when to go, and which teller to approach (the teller was a party to the robbery). On the day of the robbery, the child arrived by taxi and instructed the driver to wait for him. He walked up to the designated teller, and slipped his note to her under the glass, and she gave him money which he put in his pockets. He then left the bank, got in the taxi and delivered the money to his mother. The teller pressed the silent alarm and the police responded after the child had left. Subsequently all parties, including the child, were arrested. Respondent pleaded guilty to grand larceny in the third degree and endangering the welfare of a child.

After a fact-finding hearing, the Family Court found by a preponderance of the evidence that respondent's actions constituted neglect but did not support a finding of abuse because "the risk of physical injury was too attenuated."

Family Court Act § 1012 (e) (ii) defines an "abused child" as one under the age of 18 whose parent "creates or allows to be created a substantial risk of physical injury . . . likely to cause death or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ." A finding of abuse must be based upon a preponderance of the evidence (Family Ct Act § 1046 [b]). There is no question that the same facts that led to the finding of neglect amply support a finding of abuse as well.

The evidence at the hearing demonstrated that respondent created a substantial risk of physical injury that could ultimately have resulted in her child's death. The testimony at the hearing established that the police protocol was to secure the bank and to protect the safety of the police and the civilians in the bank by whatever means necessary. Indeed, the detective testified that to secure the bank and to protect lives, good and accepted police procedure in this case would be to enter with guns drawn or at the ready, especially in this particular bank, which had many blind areas. The fact that the child was not shot, or that the situation unfolded in such a way as to reduce the likelihood of gunfire, does not lessen the severity of the danger the child

faced due to his mother's actions. He was lucky. A child need not sustain physical injury to support a finding of abuse, "as long as the evidence demonstrates that the parent sufficiently endangered the child by creating a substantial risk of serious injury" (*Matter of Angelique H.*, 215 AD2d 318, 319 [1995]). Respondent intentionally put her child in such a situation. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.