█ In the Matter of ZAKRYA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VANESHIA R., Appellant. [795 NYS2d 683]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated March 19, 2004, which, upon a fact-finding order of the same court dated February 1, 2002, made after a hearing, finding that she neglected the child by failing to provide her with adequate medical care, inter alia, placed the child in the custody of the Commissioner of Social Services of Queens County for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of

Social Services of Queens County for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.*, 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court correctly found, by a preponderance of the evidence, that the appellant neglected her child by failing to provide her with adequate medical care (*see* Family Ct Act § 1012 [f] [i] [A]; § 1046 [b] [i]). The petitioner established a prima facie case of neglect, despite the absence of expert medical testimony, because the child was in such condition as should not ordinarily occur but for the actions or omissions of a parent or other person legally responsible for her care (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Aniyah F.*, 13 AD3d 529, 530 [2004]). The appellant failed to advance a sufficient and credible explanation for the child's condition to rebut the petitioner's prima facie case (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Aniyah F., supra* at 531). When the appellant became aware of the child's condition, she failed to promptly seek medical care for the child, thus supporting a finding of neglect on her part (*see Matter of C. Children*, 207 AD2d 888, 889 [1994]; *Matter of A. Children*, 189 AD2d 872 [1993]). H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.