■ In the Matter of SHENEIKA V., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GARY V., Appellant. [800 NYS2d 424]—

In a child protective proceeding pursuant to Family Court Act

article 10, the father appeals from an order of disposition of the Family Court, Kings County (Turbow, J.), dated July 9, 2004, which, upon a fact-finding order of the same court dated May 11, 2004, made after a hearing, finding that he neglected the subject child, placed the child in the custody of the Commissioner of Social Services of Kings County for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of Kings County for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Zakrya M., 18 AD3d 754 [2005]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the determination that he neglected the subject child was supported by a preponderance of the evidence (see Matter of Salvatore C., 6 AD3d 431, 432 [2004]; Matter of Sal D., 307 AD2d 261, 263 [2003]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (see Matter of Todd D., 9 AD3d 462 [2004]; Matter of Commissioner of Social Servs. [Monique W.] v Kim G., 240 AD2d 664, 665 [1997]). The credible evidence adduced at the fact-finding hearing established that the father choked the child in response to a dispute over washing the dishes. While a single incident may suffice to sustain a finding of neglect, there was also proof of a pattern of the father's use of excessive corporal punishment (see Matter of Anthony C., 201 AD2d 342 [1994]; Matter of C. Children, 183 AD2d 767 [1992]).

The father's remaining contentions are without merit. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.