■ In the Matter of KAITLYNN I., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENNIFER I., Also Known as JENNIFER M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JONATHAN M., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JEN-

NIFER I., Also Known as JENNIFER M., Appellant, et al., Respondent. (Proceeding No. 2.) [883 NYS2d 126]—

In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding of the Family Court, Queens County (Richardson-Mendelson, J.), dated July 23, 2007, as, after a hearing, found that she had neglected the child Kaitlynn I. and, in effect, had derivatively neglected the child Jonathan M.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court's determination that she neglected her daughter, Kaitlynn I., and derivatively neglected her son, Jonathan M., is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Domynque F.*, 62 AD3d 697 [2009]).

The petitioner's medical expert testified that Kaitlynn I. sustained numerous bruises on various parts of her body which were not consistent with accidental causes and were inflicted by a blunt, flexible instrument. This evidence of injuries, which ordinarily would not occur absent an act or omission of the person responsible for the care of the child, constituted prima facie evidence of neglect (*see* Family Ct Act § 1046 [a] [ii]). Once a prima facie case is established, the burden shifts to the parent to offer a satisfactory explanation for the injuries (*see Matter of Philip M.*, 82 NY2d at 244; *Matter of Aniyah F.*, 13 AD3d 529, 530 [2004]).

Here, the Family Court found, inter alia, that the testimony of the mother was not credible and that she failed to provide a reasonable and adequate explanation for the injuries. This finding is supported by the record and we find no reason to disturb it (*see Matter of Domynque F.*, 62 AD3d at 697; *Matter of Arianna L.*, 55 AD3d 733 [2008]; *Matter of Steven Glenn R.*, 51 AD3d 802, 803 [2008]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.