■ In the Matter of JENNA U. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DERRICK U., Appellant. [968 NYS2d 881]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Gruebel, J.), dated August 24, 2012, which, after a fact-finding hearing, found that he neglected the subject child and placed the child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court's finding that the father neglected the subject child by using excessive corporal punishment was supported by a preponderance of the credible evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874 [2013], *lv denied* 20 NY3d 863 [2013]; *Matter of Abigail G. [Barrington G.]*, 84 AD3d 1235 [2011]; *Matter of Maria Raquel L.*, 36 AD3d 425 [2007]; *Matter of Joshua B.*, 28 AD3d 759 [2006]; *Matter of Joseph O.*, 28 AD3d 562 [2006]; *Matter of Alysha M.*, 24 AD3d 255 [2005]; *Matter of Sheneika V.*, 20 AD3d 541 [2005]; *Matter of Jonathan W.*, 17 AD3d 374 [2005]; *Matter of Johannah QQ.*, 266 AD2d 769 [1999]; *Matter of Suffolk County Dept. of Social Servs. v Nicole S.*, 266 AD2d 556 [1999]). The child's out-of-court statements that the father had been physically abusing her was sufficiently corroborated by testimony from the child's caseworker as well as by the child's medical records.

The Family Court's statement that the father admitted grabbing the child by the collar and holding her for about 45 seconds is not supported by the record. However, we note that the finding, which was apparently a misstatement by the Family Court,

was not a basis for the Family Court's adjudication of neglect, and has not been considered by this Court as evidence of neglect.

The father's remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.