◼ In the Matter of STEPHEN DANIEL A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SANDRA M., Appellant, et al., Respondent. [996 NYS2d 349]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Tally, J.), dated September 23, 2008, which, upon an order of fact-finding of the same court (Friedman, J.), dated July 13, 2005, finding, among other things, that she abused the subject child, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In 2001, the New York City Administration for Children's Services commenced this child protective proceeding pursuant to Family Court Act article 10 against the mother and the father of the subject child. In an order of fact-finding dated July 13, 2005, made after a hearing, the Family Court found that the mother and the father abused the subject child. In an order of disposition dated September 23, 2008, the Family Court placed the subject child in the custody of the Commissioner of Social

Services of the City of New York until the next permanency hearing.

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing must be dismissed as academic, as that part of the order has already expired (*see Matter of Grayson J. [Sharon H.]*, 119 AD3d 575 [2014]). Moreover, since the mother's parental rights were subsequently terminated, and we are affirming the order of fact-finding and disposition in the related termination proceeding (*see Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837 [2014] [decided herewith]), any modification of the portion of the order of disposition in this proceeding that continued the placement of the subject child would have no practical effect (*see Matter of Tyler C. [Andrea G.]*, 82 AD3d 1093 [2011]; *Matter of Ernest Y. v Orange County Dept. of Social Servs.*, 9 AD3d 411 [2004]; *Matter of Keith C.*, 226 AD2d 369 [1996]). However, the appeal from the portion of the order of disposition that brings up for review so much of the order of fact-finding dated July 13, 2005, as found that the mother abused the subject child is not academic, since the adjudication of abuse constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (*see Matter of Linda F. [Jose F.]*, 119 AD3d 944 [2014]).

Contrary to the mother's contention, the Family Court properly found that she abused the subject child. The Family Court Act defines an "[a]bused child," inter alia, as "a child less than eighteen years of age whose parent or other person legally responsible for his [or her] care . . . inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death [or] creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death" (Family Ct Act § 1012 [e] [i], [ii]). "The petitioner may establish a prima facie case of abuse through a method of proof 'closely analogous to the negligence rule of res ipsa loquitur' " (*Matter of David T.-C. [Denise C.]*, 110 AD3d 1084, 1085 [2013], quoting *Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *see* Family Ct Act § 1046 [a] [ii]). "If the petitioner establishes a prima facie case of abuse, 'the burden of going forward shifts to respondents to rebut the evidence of parental culpability,' although the burden of proof always remains with the petitioner" (*Matter of David T.-C. [Denise C.]*, 110 AD3d at 1085, quoting *Matter of Philip M.*, 82

NY2d at 244). Here, the petitioner established a prima facie case of abuse by presenting evidence demonstrating that the subject child sustained injuries that were inconsistent with the mother's explanation that the subject child's older sibling had accidentally dropped the subject child, who was then less than one month old (*see Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d 1021 [2011]; *Matter of Samuel L.*, 52 AD3d 394 [2008]). Further, the mother failed to proffer a reasonable and adequate explanation for the subject child's injuries (*see Matter of Kaitlynn I.*, 64 AD3d 654 [2009]). Moreover, contrary to the mother's contention, the Family Court's assessment of the conflicting expert testimony, which is entitled to deference, is supported by the record, and we decline to disturb its determination (*see Matter of Robert A. [Kelly K.]*, 109 AD3d 611, 613 [2013]).

The mother's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.