Matter of Jonah B. (Ferida B.) (2018 NY Slip Op 06735)





Matter of Jonah B. (Ferida B.)


2018 NY Slip Op 06735


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-06759
 (Docket Nos. N-6697-14, N-6698-14, N-3518-15)

[*1]In the Matter of Jonah B. (Anonymous), appellant. Administration for Children's Services, petitioner-appellant; Ferida B. (Anonymous), et al., respondents-respondents, et al., respondent. (Proceeding No. 1)
In the Matter of Talia B.-S. (Anonymous), appellant. Administration for Children's Services, petitioner-appellant; Ferida B. (Anonymous), et al., respondents-respondents, et al., respondent. (Proceeding No. 2)
In the Matter of Adele S. (Anonymous), appellant. Administration for Children's Services, petitioner-appellant; Ferida B. (Anonymous), et al., respondents-respondents, et al., respondent. (Proceeding No. 3)


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for appellant Administration for Children's Services.
The Legal Aid Society, New York, NY (Tamara A. Steckler and Sara H. Reisberg of counsel), attorney for the children, the appellants Jonah B., Talia B.-S., and Adele S.
Lewis S. Calderon, Jamaica, NY, for respondent Riva V.



DECISION & ORDER
In three related proceedings pursuant to Family Court Act article 10, the petitioner and the children separately appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated June 21, 2016. The order, insofar as appealed from, after a fact-finding hearing, dismissed that branch of the petition which alleged that the mother, the father, and the maternal grandmother abused the child Talia and derivatively abused the children Jonah and Adele.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the petition which alleged that the mother, the father, and the maternal grandmother abused the child Talia and derivatively abused the children Jonah and Adele is reinstated, it is found that the mother, the father, and the maternal grandmother abused the child Talia and derivatively abused the children Jonah and Adele, and the matters are remitted to the Family Court, Queens County, for further proceedings.
In April 2014, the Administration for Children's Services (hereinafter ACS) commenced two related child abuse and neglect proceedings pursuant to Family Court Act article 10 against the mother, the father, the maternal grandmother, and the paternal grandmother, alleging that they abused and neglected the child Talia and derivatively abused and neglected the child Jonah. On February 25, 2015, following the birth of the child Adele, ACS commenced a third abuse and neglect proceeding, alleging that Adele was derivatively abused and neglected.
The petitions alleged that four-month old Talia had been taken to the hospital on April 7, 2014, where she was diagnosed with two rib fractures, fractures of her right and left femurs, and a fracture of the right humerus. Following a fact-finding hearing, the Family Court credited the testimony of ACS's experts and found that Talia sustained five distinct injuries while in the care of her parents and her grandmothers within a four-month period between her birth on December 5, 2013, and April 7, 2014, and that these injuries were "clearly inflicted and not accidental." The court further determined that three of the four respondents, the mother, the father, and the maternal grandmother (hereinafter collectively the respondents), failed to provide a reasonable, plausible, and adequate explanation for Talia's injuries, and failed to rebut ACS's prima facie case. The court determined that the respondents had neglected Talia, and derivatively neglected Jonah and Adele, but declined to make a finding of abuse or derivative abuse.
ACS and the children appeal, contending that the Family Court erred in declining to find that the children were abused. Only the maternal grandmother has filed a respondent's brief on the appeal.
An "abused child" is one "whose parent or other person legally responsible for his care . . . (i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ [or] . . . (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause [such injury]" (Family Court Act § 1012[e][i], [ii]).
We agree with the Family Court's finding that Talia's injuries were "clearly inflicted and not accidental." However, we disagree with the court's finding that Talia was not abused based on its determination that she had not sustained a serious physical injury as defined in Penal Law § 10.00(10). Although the definition of "abuse" under Family Court Act § 1012 is similar to the definition of "serious physical injury" under the Penal Law, the definitions are not identical. The Penal Law defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ" (Penal Law § 10.00[10]). However, under the Family Court Act, a "child need not sustain a serious injury for a finding of abuse as long as the evidence demonstrates that the parent sufficiently endangered the child by creating a substantial risk of serious injury" (Matter of Angelique H., 215 AD2d 318, 319; see Family Court Act § 1012[e][i]; Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 41; Matter of Anesia E., 23 AD3d 465, 466; Matter of Nassau County Dept. of Social Servs. [Carol H.], 191 AD2d 634, 634).
Here, the fracture to Talia's humerus required her arm to be immobilized for more than two weeks, which is sufficient to establish a protracted impairment of health (see People v Mohammed, 162 AD2d 367, 367). In addition, the medical testimony revealed that this injury caused Talia pain and discomfort, and could take months to heal. Furthermore, there was a concern that there could be loss of function and loss of growth potential. Although this was unlikely in Talia's case, since her fracture was not completely displaced, the conduct of the mother, the father, and the maternal grandmother still created a substantial risk that such injury could have occurred (see Matter of Anesia E., 23 AD3d at 466; Matter of Nassau County Dept. of Social Servs. [Carol H.], 191 AD2d at 634).
As such, ACS established a prima facie case of child abuse with respect to Talia (see [*2]Matter of Davion E. [Latoya E.], 139 AD3d 944, 946; Matter of Robert A. [Kelly K.], 109 AD3d 611, 612; Matter of Jaiden T.G. [Shavonna D.-F.], 89 AD3d 1021, 1022; Matter of Jacob B. [Rachel B.], 77 AD3d 936, 936-937; Matter of Jason S., 36 AD3d 618, 619), and the burden of going forward shifted to the respondents to rebut the evidence of culpability (see Matter of Philip M., 82 NY2d 238, 244; Matter of David T.-C. [Denise C.], 110 AD3d 1084, 1085).
We agree with the Family Court's finding that the respondents failed to rebut the presumption of abuse by failing to provide a reasonable and adequate explanation for Talia's injuries (see Matter of Stephen Daniel A. [Sandra M.], 122 AD3d 834, 836; Matter of Kaitlynn I., 64 AD3d 654, 655). Moreover, the court's assessment of the conflicting expert testimony, which is entitled to deference, is supported by the record, and we decline to disturb its determination (see Matter of Stephen Daniel A. [Sandra M.], 122 AD3d at 836; Matter of Robert A. [Kelly K.], 109 AD3d at 613). Accordingly, a finding of abuse as to Talia should have been made against the respondents (see Matter of Dashawn W. [Antoine N.], 21 NY3d at 41; Matter of Aniyah F., 13 AD3d 529, 530).
Moreover, in light of the nature and severity of the abuse inflicted by the respondents upon Talia, the Family Court should have made a finding of derivative abuse as to Adele and Jonah, even in the absence of direct evidence that the respondents had actually abused them (see Matter of Deatrus Amir D. [Astoria D.], 136 AD3d 900, 902; Matter of Kaiyeem C. [Ndaka C.], 126 AD3d 528, 529).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court