Matter of Jasiah T-V. S.J. (Shatesse J.--Joshua W.) (2019 NY Slip Op 01411)





Matter of Jasiah T-V. S.J. (Shatesse J.--Joshua W.)


2019 NY Slip Op 01411


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-07434
 (Docket Nos. N-33097-08, B-24720-10)

[*1]In the Matter of Jasiah T-V. S.J. (Anonymous), appellant. Administration for Children's Services, petitioner-respondent; Shatesse J. (Anonymous), respondent; Joshua W. (Anonymous), nonparty- respondent. (Proceeding No. 1)
In the Matter of Jasiah T.-V. S.J. (Anonymous), appellant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, petitioner; Joshua W. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 2)


Ronna L. DeLoe, Larchmont, NY, attorney for the child, the appellant, Jasiah T.-V. S. J.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for nonparty-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.



DECISION & ORDER
Appeal by the child from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated June 23, 2017. The order, inter alia, directed that the father shall have certain unsupervised parental access with the child.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In October 2010, Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn (hereinafter the petitioner), commenced a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the birth mother's parental rights, alleging, among other things, that the father's consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111(1)(d). On a prior appeal, this Court affirmed an order dated September 24, 2012, which granted the petitioner's motion for a determination that the father's consent to the adoption of the child was not required (see Matter of Jasiah T.-V.S.J. [Joshua W.], 112 AD3d 717), obviating the need for a termination of the father's parental rights (see Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 16).
Following a dispositional hearing, the Family Court found that the birth mother's [*2]parental rights should be terminated, but that the child should remain in foster care, without being freed for adoption. In an order dated June 5, 2017, the court, inter alia, terminated the birth mother's parental rights and, in effect, dismissed that branch of the petition which was to free the child for adoption. In an order dated June 23, 2017, the court, among other things, directed that the father shall have certain unsupervised parental access with the child. The child appeals from the order dated June 23, 2017. Thereafter, in a decision and order dated November 21, 2018, this Court reversed the order dated June 5, 2017, insofar as appealed from by the petitioner and, among other things, granted that branch of the petition which was to free the child for adoption (see Matter of Jasiah T.-V.S.J. [Joshua W.—Shatesse J.], 166 AD3d 876).
In light of our determination on the appeal from the order dated June 5, 2017, that the child be freed for adoption (see id.), any modification of the order dated June 23, 2017, would have no practical effect (see Matter of Stephen Daniel A. [Sandra M.], 122 AD3d 834, 835; Matter of Ernest Y. v Orange County Dept. of Social Servs., 9 AD3d 411, 411-412). Insofar as the prior determination that the father's consent to the adoption of the child was not required obviated the need for termination of the father's parental rights (see Matter of Heaven A.A. [Tyrone W.], 130 AD3d at 16), and the mother's parental rights have been terminated and the child freed for adoption, there is no authority to direct continuing contact between the father and the child (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 426; Matter of "Baby Boy" I. v Edna I., 166 AD3d 975; Matter of Candelaria v Nardil, 154 AD3d 748). Consequently, the order dated June 23, 2017, is no longer enforceable, and thus, this appeal must be dismissed as academic (see Matter of Ernest Y. v Orange County Dept. of Social Servs., 9 AD3d at 412).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court