Matter of Addison M. (Bridgette M.) (2019 NY Slip Op 04824)





Matter of Addison M. (Bridgette M.)


2019 NY Slip Op 04824


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


258 CAF 17-01792

[*1]IN THE MATTER OF ADDISON M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BRIDGETTE M., RESPONDENT-APPELLANT.






DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT. 
ROSEMARY L. BAPST, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 28, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudged that she abused her child. We affirm.
We reject the mother's contention that the injuries sustained by the child were not of sufficient magnitude to sustain a finding of child abuse pursuant to Family Court Act § 1012 (e). An "abused child" is one "whose parent or other person legally responsible for his [or her] care . . . (i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ [or] . . . (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause [such injury]" (§ 1012 [e] [i], [ii]). "Although the definition of abuse' under Family Court Act § 1012 is similar to the definition of serious physical injury' under the Penal Law, the definitions are not identical. The Penal Law defines serious physical injury' as physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ' (Penal Law § 10.00 [10]). However, under the Family Court Act, a child need not sustain a serious injury for a finding of abuse as long as the evidence demonstrates that the parent sufficiently endangered the child by creating a substantial risk of serious
injury' " (Matter of Jonah B. [Ferida B.], 165 AD3d 787, 789 [2d Dept 2018]).
Here, the 21-month-old child sustained approximately 25 distinct bruises, including a black eye, a bruise on her forehead, a bruise on her right ear, and a bruise under her left eye. In addition, she had an identifiable adult-sized bite mark on her arm, she was missing large clumps of hair, and the hearing testimony established that the pattern of hair loss and the child's reaction to having a doctor examine her scalp were consistent with the child's hair having been forcefully pulled from her head. Family Court found that the mother's explanations for the child's injuries, e.g., that the child's hair condition was related to a fungal infection and that the child would sometimes bite herself, were not credible. Furthermore, as the court noted, the physicians who testified "were adamant that the bruises and other injuries were inflicted and not accidental." In [*2]view of the foregoing, we conclude that the evidence is legally sufficient to support the court's finding of abuse inasmuch as a preponderance of the evidence establishes that the mother sufficiently endangered the child by creating a substantial risk of serious injury (see e.g. Matter of Michael R., 228 AD2d 684, 685 [2d Dept 1996], lv dismissed 93 NY2d 921 [1999]; Matter of Nassau County Dept. of Social Servs. [Carol H.], 191 AD2d 634, 634 [2d Dept 1993], lv denied 82 NY2d 652 [1993]; Matter of C. Children, 183 AD2d 767, 768 [2d Dept 1992]; Matter of Chianti FF., 163 AD2d 688, 689 [3d Dept 1990], lv dismissed 78 NY2d 1058 [1991]).
Contrary to the mother's further contention, the court did not abuse its discretion in precluding the admission in evidence of certain educational and medical records concerning the child's behavior subsequent to the filing of the petition in this case. "Trial courts are accorded wide discretion in making evidentiary rulings" (Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2d Dept 2006]) and, here, the court did not abuse its discretion in determining that the records in question, which concerned events that occurred approximately one year after the child was first removed from the mother's custody pending disposition of the petition, were not material and relevant to this proceeding (see generally Family Ct Act § 1046 [b] [iii]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court