■ In the Matter of MICHAEL Z. et al. (ANONYMOUS). ELAYNE Z., Appellant; DONNA M. LA BRUYERE, Respondent.— In a child protective proceeding under article 10 of the Family Court Act, the appeal is from a temporary order of the Family Court, Rockland County, dated October 31, 1972 and made after a hearing, which directed that the two children in question be placed in the custody of the Department of Social Services pending further proceedings in the matter. Order affirmed, without costs. In our opinion, section 1027 of the Family Court Act, empowering the Family Court to remove a child pending disposition of an article 10 proceeding if the court finds, after a petition has been filed and a hearing held, that removal is necessary to avoid imminent risk to the child's life or health, is constitutional although it does not require the presence of the parents at the hearing. This section is a valid embodiment of the doctrine that, in emergency situations, the prior hearing rule may be dispensed with (*Bell* v. *Burson*, 402 U. S. 535). Due process is accorded the parent by the procedure set forth in section 1028 of the Family Court Act for return of a child temporarily removed. Thus, if there has not been a hearing on the removal of a child at which the parent or other person legally responsible was present or had an adequate opportunity to be present, the parent or such other person may apply for an order returning the child and the court shall hold a hearing within three days of the application to determine whether the child should be returned. It is our further opinion that on the facts of this case the Family Court properly ordered the children's temporary removal following a preliminary hearing at which the parents were absent. Although the father's whereabouts were unknown, the court was informed that the mother was in a hospital. However, the allegations of petitioner, a caseworker, supported by depositions of the mother's friends and neighbors, charged the mother with conduct so severely inimical to the children's health and well-being that it was reasonable for the court to conclude that the children would be in imminent danger were they permitted to remain home, in the care of the 18-year-old girl living there, in view of their mother's impending return. We have examined appellant's other contention and find it to be without merit. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BRELAND, JR., Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, rendered September 20, 1971, upon a conviction of robbery in the third degree, upon a plea of guilty. Sentence reversed, on the law, and case remanded to the Criminal Term for resentencing. It is indisputably apparent that on the date of defendant's sentence he was a narcotic addict and the Narcotic Addiction Control Commission was not accepting convicted defendants under section 208 of the Mental Hygiene Law. The sentencing court indicated that if the commission facilities were available on the date of sentence, defendant would have been certified thereto. Accordingly, this court is of the opinion that defendant should be resentenced. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.