■ In the Matter of AMBER GOLD J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VANESSA J. et al., Appellants. [874 NYS2d 189]—In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals, and the father separately appeals, from an order of the Family Court, Queens County (Richroath, J.), dated November 29, 2007, which, after a hearing, denied their application pursuant to Family Court Act § 1028 to return the subject child to their custody.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the contentions of the parents, the Family Court providently exercised its discretion in denying their application pursuant to Family Court Act § 1028 to return the subject child to their custody. There was ample evidence presented at the hearing to support the conclusion that the child's emotional, mental, and physical health would be at imminent risk if she was returned to live with her parents (*see* Family Ct Act § 1028; *see also Matter of Andrew B.*, 49 AD3d 638 [2008]; *Matter of Faith J.*, 47 AD3d 630 [2008]; *Matter of Mollye S.*, 28 AD3d 487, 488 [2006]; *Matter of Anesia E.*, 23 AD3d 465, 465-466 [2005]; *Matter of Angel Marie L.*, 5 AD3d 773, 773-774 [2004]).

In light of the foregoing, and the failure of the parents to cooperate with the Administration for Children's Services (hereinafter ACS), we agree with the Family Court's determination that the safer course is to not return the child to the parents' custody at this time (*see Matter of Solomon W.*, 50 AD3d 912 [2008]; *Matter of Iouke H.*, 50 AD3d 904, 905 [2008]).

The mother's remaining contentions are without merit.

We share the concern of our dissenting colleague that this matter should proceed to resolution as quickly as possible in the Family Court. However, we note that during the pendency of this matter the child has made a very favorable adjustment to her current foster care placement, and that medical treatment

has only been sought for her in response to genuine health problems which are unrelated to that placement. Moreover, while the dissent would return the child to the parents upon their compliance with various conditions, ACS and the Family Court have already imposed similar conditions with which the parents have largely failed to cooperate. Should the parents wish to work toward reunification with the child, they already have it within their power to do so. Mastro, J.P., Balkin, and McCarthy, JJ., concur.

Miller, J. (dissenting and voting to reverse the order, and to [1] grant the application for the return of the child to the custody of the parents, on condition that within 30 days of the date of this decision and order the mother enters into a course of treatment with a mental health professional to be designated by the Family Court, Queens County, and that such professional thereafter certifies to the Family Court the mother's compliance with his or her recommendations, including, but not limited to, any program of medication that may be prescribed, pending which the child shall remain in the custody of the Administration for Children's Services; should the designated mental health professional certify to the Family Court the mother's compliance with the foregoing, the child shall be returned to the parents subject to the additional conditions that [a] the child be enrolled in a school outside of the home, [b] the mother continue in therapy and compliance with any course of medication, if indicated, [c] the parents inform the Administration for Children's Services of all medical appointments and testing scheduled for the child, and [d] the parents permit the Administration for Children's Services to supervise the household, and allow it access thereto, upon request, and [2] remit the matter to the Family Court, Queens County, for the designation forthwith of an appropriate mental health professional to treat the mother, in accordance with the following memorandum): I respectfully dissent. The record in this proceeding indicates, inter alia, that the mother repeatedly subjected the child to medical intervention based upon her perception that the child had symptoms that were not observed by examining physicians, was of the view that the child suffered from sexually-transmitted diseases that were not confirmed upon testing, and believed that a conspiracy existed among the child's doctors against the parents. Furthermore, there is evidence that the parents did not always cooperate with the Administration for Children's Services (hereinafter ACS), and made it difficult on some occasions for the agency to contact them.

Nonetheless, the record also reflects that prior to the hearing

pursuant to Family Court Act § 1028 there was no imminent risk to the child. She was being well cared for by the parents. Although a pediatrician who had examined the child insisted at the hearing that she was a "well child," the record further reflects that since being placed in foster care she has been taken to doctors on numerous occasions, hospitalized for convulsions as well as pneumonia, and currently is on medication for asthma. The section 1028 hearing went on for some three months after the parents requested it, with the parents having virtually no meaningful visitation. The child has been out of her parents' care for 1½ years, and has been in four foster homes. The neglect proceeding is still pending. The results of that proceeding will leave the child in limbo for at least another year, if not permanently. It is in the child's best interest to be reunited with normal, functioning parents. This was the "plan" set forth by the Family Court and the Administration for Children's Services. This may be the child's last chance.

In my view, under the circumstances, the Family Court improvidently exercised its discretion in denying the parents' application pursuant to Family Court Act § 1028 to return the subject child to their custody. There was insufficient evidence presented at the section 1028 hearing that the child's life or health would be at imminent risk if she was returned to live with her parents (see Family Ct Act § 1028). The imminent danger must be near or impending, not merely possible (see *Nicholson v Scoppetta,* 3 NY3d 357, 369 [2004]).

While the mother's behavior with regard to subjecting the child to repeated medical interventions does not demonstrate an imminent danger to the life or health of the child, it nevertheless is of concern. However, I would address that behavior by conditioning return of the child upon the mother's participation in a program of mental health treatment with a mental health professional to be designated by the Family Court, and her compliance with any regimen of medication that her treatment provider may deem advisable in the course of that treatment. Should the designated mental health professional certify to the Family Court the mother's compliance with the foregoing conditions, then the child should be returned to the custody of her parents subject to the additional conditions that the child be enrolled in a school outside of the home (as opposed to the home schooling of the child the parents pursued in the past), the mother continues in therapy and compliance with any course of medication that is indicated, the parents inform the ACS of all medical appointments and testing scheduled for the child, and the parents permit the ACS to supervise the household, and al-

low it access thereto, upon request. I would remit the matter to the Family Court, Queens County, for designation forthwith of an appropriate mental health professional to treat the mother.

Motion by the appellant Vanessa J. on appeal from an order of the Family Court, Queens County, dated November 29, 2007, to strike the briefs of the respondent and the attorney for the child on the ground that they refer to matter dehors the record. Separate motion by the appellant Marvin J. to strike the respondent's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated September 19, 2008 [2008 NY Slip Op 83620 (U)], the motions were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motions are denied. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.