In the Matter of ALANIE H., JR., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CRYSTAL D. et al., Respondents. [894 NYS2d 442]—

The petitioner filed a Family Court article 10 abuse and neglect petition against the mother, father, and paternal grandmother of the then-four-month-old subject child, alleging that he had sustained nonaccidental head trauma while in their custody. The subject child was removed from the parents and placed in a kinship foster home. The Family Court subsequently presided over a consolidated fact-finding hearing and a hearing pursuant to Family Court Act § 1028.

In an order dated May 19, 2009, following the hearing, the Family Court determined that the paternal grandmother was not a person legally responsible for the subject child pursuant to Family Court Act § 1012 (g) and dismissed the petition insofar as asserted against her, dismissed the abuse allegations insofar as asserted against the parents, and granted the parents' application pursuant to Family Court Act § 1028 to return the subject child to their custody. The Family Court also entered a finding of medical neglect against the parents. The finding of medical neglect was based upon the failure of the parents to take the child to the emergency room after having been directed to do so by the child's pediatrician. The child, who had just spent 10 days in the hospital with a diagnosis of meningitis, had vomited twice and was crying. The petitioner appeals, inter alia, from so much of the order as dismissed the abuse allegations insofar as asserted against the parents and granted their application pursuant to Family Court Act § 1028 to return the subject child to their custody. The attorney for the child joins the parents in urging affirmance.

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of an injury which ordinarily would not occur absent an act or omission of the respondents, and which occurs at a time when the respondents were the caretakers of the child (see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Aniyah F., 13 AD3d 529 [2004]). "Family Court Act § 1046 (a) (ii) permits an inference to be drawn so as to establish a prima facie case of abuse or neglect against the parents or other caretakers of a child when the child suffers an injury which would not ordinarily occur in the absence of an act or omission of the caretakers" (Matter of Christopher Anthony M., 46 AD3d 896, 898 [2007]). Although the petitioner has the burden of establishing, by a preponderance of the evidence, that the respondents abused or neglected the subject child, once a prima facie case is established, the burden shifts to the respondents, who are then

required to offer a satisfactory explanation for the injuries (*see Matter of Philip M.,* 82 NY2d at 244; *Matter of Aniyah F.,* 13 AD3d 529 [2004]). However, the petitioner retains the burden of proving abuse and neglect by a preponderance of the evidence (*see Matter of Philip M.,* 82 NY2d at 244; *Matter of Christopher Anthony M.,* 46 AD3d at 898).

The petitioner established a prima facie case of abuse against the parents by introducing evidence demonstrating that the subject child, Alanie H., Jr., was under their care when he suffered injuries of such a nature as would ordinarily not happen except by an act or omission of the respondent parents (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238 [1993]).

In response to the petitioner's prima facie showing of abuse, the parents provided a satisfactory explanation for the child's injuries which rebutted the allegations of abuse. The parents adduced evidence, which included testimony from a pediatrician and expert in child abuse, and a pediatric neurosurgeon, that the injuries sustained by the subject child were caused, not by head trauma, but by a form of meningitis, its sequelae, and the treatment he received for the disease. Moreover, the record demonstrates that other than the one instance that was the basis for the finding of medical neglect, the parents repeatedly obtained the necessary medical treatment for the subject child. In sum, the parents sufficiently rebutted the allegations of abuse asserted against them (*see Matter of Marquise W.,* 269 AD2d 400 [2000]). Therefore, the Family Court properly dismissed the abuse allegations insofar as asserted against them (*id.*).

Contrary to the petitioner's contention, the Family Court properly found that the paternal grandmother was not a person legally responsible for the care of the subject child and, as such, she was not a proper party to the child protective proceedings (*see* Family Ct Act § 1012 [g]; *Matter of Yolanda D.,* 88 NY2d 790 [1996]).

However, the Family Court improvidently exercised its discretion in granting the parents' application pursuant to Family Court Act § 1028 to return the subject child to their custody. Under the circumstances, including those that formed the basis for the finding by the Family Court that the parents had committed medical neglect, the evidence supported the conclusion that the child's emotional, mental, and physical health would be at imminent risk if he were returned to live with his parents (*see* Family Ct Act § 1028; *see also Matter of Amber Gold J.,* 59 AD3d 719 [2009]). Following a dispositional hearing (*see* Family Ct Act §§ 1045, 1047, 1052), the Family Court must enter an or-

der of disposition and has discretion to direct, among other things, that the subject child be released to the custody of his parents with the appropriate services and safeguards (*see* Family Ct Act § 1054). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.