*735 Since the mother raises no issues on appeal with respect to the second order dated July 19, 2011, which precluded her from filing motions without prior court approval, the appeal from that order must be dismissed as abandoned (see Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 857 [2012]).
There is no merit to the mother’s contention that she was deprived of notice and an opportunity to be heard pursuant to Family Court Act § 1027 when the subject child was removed from her custody and transferred to the temporary custody of the father by order of the Family Court, Kings County, dated July 2, 2010. Due process is afforded to a parent by the procedure set forth in Family Court Act § 1028 for the return of a child temporarily removed (see Nicholson v Scoppetta, 3 NY3d 357, 376 n 8 [2004]; Matter of Cory M., 307 AD2d 1035 [2003]; Matter of Michael Z., 40 AD2d 1034 [1972]). Here, the Family Court fully afforded the mother that relief and, after a hearing pursuant to Family Court Act § 1028, properly denied her application for the return of the child and properly extended the award of temporary custody to the father. The determination in the order dated August 24, 2010, was supported by evidence adduced at the hearing which established that the mother interfered with the father’s visitation with false allegations of abuse (see Matter of Ramazan U, 303 AD2d 516, 517 [2003]), and subjected the child to unnecessary examinations by both a *736 doctor and by the police in an effort to sustain her false allegations (see Matter of Morgan P., 60 AD3d 1362 [2009]).
The mother’s motion to vacate the order dated July 2, 2010, was properly denied, on the ground that that order was superseded by the order dated August 24, 2010 (see Matter of Anthony TT., 61 AD3d 1137 [2009]).
However, the order dated August 12, 2012, must be reversed. That order granted relief requested when the mother’s counsel was not present and could not respond, in violation of the mother’s right to counsel (see Family Ct Act § 262; Matter of Casey N., 59 AD3d 625 [2009]).
The mother’s remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.