■ In the Matter of TYLER S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELISSA J., Appellant, et al., Respondent. [960 NYS2d 438]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, (1) from so much of an order of fact-finding of the Family Court, Kings County (Ambrosio, J.), dated October 19, 2011, as, after a hearing, found that she abused the subject child, and (2) from so much of an order of disposition of the same court (Gruebel, J.), dated January 6, 2012, as placed the child in the custody of the Commissioner of Social Services of Kings County for six months, with trial discharge to the mother and the father.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of Kings County for six months, with trial discharge to the mother and the father, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.

The appeal from so much of the order of disposition as placed

the child in the custody of the Commissioner of Social Services of Kings County for six months, with trial discharge to the mother and the father, must dismissed as academic because the period of placement has expired (*see Matter of Daniel W.*, 56 AD3d 483, 484 [2008]). However, the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as brings up for review the finding that the mother abused the subject child is not academic (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Daniel W.*, 56 AD3d at 484).

The petitioner commenced this proceeding alleging, inter alia, that the mother abused her infant son. The petition alleged that on or about February 11, 2010, the subject child, then nine weeks old, was admitted to the hospital with head injuries and swelling to the left eye. The mother informed medical personnel that the child had sustained these injuries when the child, who was wet, slipped from her hands as she was taking him from the bathtub and fell from the height of the mother's waist to the floor, landing directly on his face. The petition further alleged that on February 12, 2010, it was reported that a magnetic resonance imaging examination (hereinafter the MRI) revealed an "acute subdural hematoma" and a "left orbital . . . fracture," as well as a "chronic subdural hematoma and multiple foci of old hemorrhage," which appeared to be about "one month old," which injury was "unexplained."

At the fact-finding hearing, the petitioner presented the testimony of two expert witnesses. The first, a pediatrician who was board certified in pediatrics and in child abuse pediatrics, testified, in effect, that other than the chronic subdural hematoma, the child's injuries were likely caused by the same trauma and conceded that while "rare," the injuries were "compatible" with a fall as described by the mother. However, while admittedly having no specialty in neuroradiology, the pediatrician testified that she relied heavily on the radiologists' interpretation of the MRI and concluded that the acute subdural hematoma was not caused by the trauma described by the mother. The second, a board-certified radiologist and neuroradiologist, testified that he rarely reviewed images of children younger than six years of age. However, the neuroradiologist testified, in effect, that the acute subdural hematoma and hemorrhage did not appear to have been caused by the described fall, as they did not appear to be recent. The neuroradiologist testified that in the hundreds of times he had observed a

subdural hematoma in an infant resulting from an impact that caused an orbital roof fracture, the subdural hematoma had always been opposite the area of impact. The mother's expert, a board-certified diagnostic radiologist and pediatric radiologist, testified to the effect that all of the medical findings could be consistent with the mother's description of how the subject child was injured, and the mother's expert specifically testified that she had seen an injury similar to that presented here, which also was the result of a child falling, providing further support for her conclusion that the injuries here could have been consistent with an accident. The Family Court, crediting the petitioner's expert witnesses, found, inter alia, that the mother abused the child.

The welfare of a child is always of paramount concern. While acknowledging our need to protect the child, we are cognizant that an adjudication of child abuse, with its concomitant and significant stigma, should not be made absent the requisite proof. Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]). A finding that a child is abused must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Adelia V. [Braun]*, 91 AD3d 659, 660 [2012]). "Although the burden of proving child abuse or neglect always remains with the petitioner, once a prima facie case has been established, a presumption of parental responsibility arises, and the burden of going forward to rebut the presumption shifts to the respondents" (*Matter of Peter R.*, 8 AD3d 576, 577 [2004], citing *Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *see Matter of Christopher Anthony M.*, 46 AD3d 896 [2007]).

While we agree that the petitioner established a prima facie case of abuse, we find that the Family Court erred in determining that the mother failed to come forward with sufficient satisfactory evidence to rebut the petitioner's case (*see Matter of Alanie H. [Crystal D.]*, 69 AD3d 722 [2010]). The mother adduced evidence, through her expert, that the subdural hematoma and hemorrhage sustained by the subject child were not caused by another unexplained event, but rather were consistent with the same accidental trauma described by the mother. No other evidence was presented to support the allegation of abuse. Indeed, the record reflects, and it was undisputed, that the

mother was a concerned parent who cared for her child. She was forthcoming and cooperative with the medical professionals attending her child as well as the petitioner's caseworkers. Witnesses testified that the mother was a loving and caring parent and she had no other history with child protective agencies. Thus, based on the record before us, the petitioner failed to establish by a preponderance of the evidence that the mother abused the child (*see Matter of Jose Luis T. [Carmen A.]*, 81 AD3d 406 [2011]; *Matter of Eric G.*, 99 AD2d 835 [1984]; *Matter of Alanie H. [Crystal D.]*, 69 AD3d 722 [2010]).

Accordingly, the petition must be denied and the proceeding dismissed. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.