In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (White, J.), dated November 15, 2011, which, after a hearing pursuant to Family Court Act § 1028, denied her application for the return of the subject children to her care and continued the remand of the children to the custody of the Administration for Children’s Services.
Ordered that the order is affirmed, without costs or disbursements.
*944 The mother failed to preserve her due process argument for appellate review since she did not make this argument before the Family Court (see Matter of Royce K., 64 AD3d 779 [2009]; Matter of Vanessa F., 9 AD3d 464 [2004]). In any event, the mother’s contention that she was deprived of her due process rights when the subject children were removed from her custody and transferred to the temporary custody of the petitioner, the Administration for Children’s Services (hereinafter ACS), without providing her an opportunity to be heard pursuant to Family Court Act § 1027 is without merit. The Family Court fully afforded the mother due process by following the procedure set forth in Family Court Act § 1028 for the return of a child temporarily removed (see Nicholson v Scoppetta, 3 NY3d 357, 376 n 8 [2004]; Matter of Forrest S.-R. [Shirley X.S.], 101 AD3d 734, 735 [2012]; Matter of Cory M., 307 AD2d 1035 [2003]; Matter of Michael Z., 40 AD2d 1034 [1972]).
Turning to the merits, the Family Court’s assessment that the testimony of an ACS case worker, a guidance counselor at the oldest child’s school, and a Legal Aid Society caseworker was credible, and that the mother’s testimony was not credible, is entitled to considerable deference on appeal, and there is no basis here to disturb that assessment (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 738 [2011]; Matter of C. Children, 249 AD2d 540, 541 [1998]). Further, the evidence was sufficient to support the court’s denial of the mother’s application pursuant to Family Court Act § 1028 based upon its finding that the children’s emotional, mental, and physical health would be at imminent risk if the children were returned to their mother’s custody because of the mother’s continued use of excessive corporal punishment (see Family Ct Act § 1028 [a]; Matter of Madeline A. [Elizabeth MJ, 87 AD3d 1132 [2011]; Matter of Elijah O. [Marilyn O.J, 77 AD3d 836 [2010]; Matter of Alanie H. [Crystal D.j, 69 AD3d 722, 724 [2010]; Matter of Amber Gold J., 59 AD3d 719, 719 [2009]; Matter of Gabriel James M., 59 AD3d 448 [2009]; Matter of Solomon W, 50 AD3d 912 [2008]; Matter of Iouke H., 50 AD3d 904 [2008]). Moreover, the record demonstrates that the safer course is not to return the children to the mother’s custody pending a full fact-finding hearing (see Matter of Madeline A. [Elizabeth M.J, 87 AD3d at 1132; Matter of Gabriel James M., 59 AD3d at 448; Matter of Solomon W., 50 AD3d at 913; Matter of Iouke H., 50 AD3d at 904). Balkin, J.E, Chambers, Roman and Hinds-Radix, JJ., concur.