■ In the Matter of H. CHILDREN, Children Alleged to be Neglected. KELLY H., Appellant; JOSEPH H., Respondent; ROCK-

land County Department of Social Services, Respondent. [714 NYS2d 96] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of (1) a fact-finding order of the Family Court, Rockland County (Warren, J.), dated January 17, 1996, which, *inter alia*, found that she had neglected the subject children, and (2) an order of disposition of the same court, dated September 6, 1996, which, *inter alia*, directed that the child Stacey H. be removed from the home.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated September 6, 1996; and it is further,

Ordered that the appeal from so much of the order of disposition as directed that Stacey H. be removed from the appellant's home is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as directed that Stacey H. be removed from the appellant's home must be dismissed as academic because that order expired by its own terms on May 16, 1997 (*see, Matter of Arthur C.,* 260 AD2d 478; *Matter of Commissioner of Social Servs. [Octavia S.] v Rozella S.,* 255 AD2d 316; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620; *Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.,* 208 AD2d 844). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the appellant neglected the subject children is not academic (*see, Matter of Arthur C., supra; Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

Family Court Act § 1046 (b) (i) requires that a finding that a child is neglected be supported by a preponderance of the evidence (*see, Matter of Tammie Z.,* 66 NY2d 1). Where there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight (*see, Matter of Carine T.,* 183 AD2d 902). As this matter depends almost entirely on assessments of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight, and we find no reason in this record to disturb its de-

termination of the factual issues (*see, Matter of Kimberly X.,* 133 AD2d 226, 227). We also conclude that the finding of neglect was supported by a preponderance of the evidence.

The appellant's remaining contentions are without merit. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.