■ In the Matter of SAL D., JR., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 1.) In the Matter of PHILIP D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 2.) In the Matter of IGNAZIA D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 3.) In the Matter of FRANCESCA D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 4.) In the Matter of ANTOINETTE D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 5.) [762 NYS2d 265] —In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Suffolk County (Simeone, J.), entered February 8, 2002, which, upon a fact-finding determination of the same court dated April 9, 2001, made after a hearing, finding that he had neglected his children Sal D., Jr., Philip D., and Ignazia D., and that he had derivatively neglected his children Francesca D. and Antoinette D., inter alia, placed all of the children in the care of the Suffolk County Commissioner of Social Services until December 18, 2002.

Ordered that the appeal from so much of the order of disposition as placed all of the children in the care of the Suffolk County Commissioner of Social Services is dismissed, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is modified, on the law and on the facts, by deleting the provision thereof which is based upon the finding of derivative neglect as to Francesca D. and Antoinette D. contained in the fact-finding determination dated April 9, 2001, and substituting therefor a provision dismissing the proceeding as to those two children; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that Francesca D. and Antoinette D. shall be returned to the father forthwith.

The father's appeal from so much of the order of disposition as placed the children in the care of the Suffolk County Commissioner of Social Services until December 18, 2002, must be dismissed as academic because that provision of the order expired by its own terms on December 18, 2002, and has been replaced by a subsequent order extending placement (*see Matter of Octavia S.,* 255 AD2d 316 [1998]). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as brings up for review the determination that the father neglected his children is not academic (*see Matter of H. Children,* 276 AD2d 485 [2000]).

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1 [1985]). Family Court Act § 1012 defines a neglected child as, inter alia, a child whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a minimum degree of care in providing the child with proper supervision or guardianship by "unreasonably inflicting * * * harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012 [f] [i] [B]).

It is well settled that the Family Court's determination is entitled to great deference since that court had the advantage of viewing the witnesses and assessing their credibility (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.],* 254 AD2d 416 [1998]). The petitioner

established by a preponderance of the evidence that the father engaged in a course of conduct with respect to his children Sal D., Jr., Philip D., and Ignazia D., which placed them in imminent danger of being impaired by the infliction of excessive corporal punishment (*see generally Matter of Asia B.,* 266 AD2d 537 [1999]; *Matter of R. / W. Children,* 240 AD2d 207 [1997]). Therefore, the Family Court properly found that those three children were neglected pursuant to Family Court Act § 1012 (f). However, under the circumstances of this case, the findings of derivative neglect with respect to the siblings, Francesca D. and Antoinette D., are not supported by a preponderance of the credible evidence (*see Matter of Department of Social Servs. [Doris M.] v Juana M.,* 232 AD2d 487 [1996]). Accordingly, the petitions alleging neglect as to Francesca D. and Antoinette D. should have been dismissed.

The father's remaining contentions either are without merit or have been rendered academic. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.