■ In the Matter of JONATHAN W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE W. et al., Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of LENEYA W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE W. et al., Appellants, et al., Respondent. (Proceeding No. 2.) In the Matter of JOSHUA W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE W. et al., Appellants, et al., Respondent. (Proceeding No. 3.) [792 NYS2d 560]—

In three related proceedings pursuant to Family Court Act article 10, the mother, Valerie W., and the stepfather, Thomas W., separately appeal, as limited by their briefs, from so much of (1) an order of disposition of the Family Court, Queens County (Salinitro, J.), dated February 25, 2004, as, upon fact-finding orders of the same court dated October 10, 2003, made after a hearing, finding that they neglected the child Leneya W., and after a dispositional hearing, placed the child Leneya W. in the custody of the Administration for Children's Services until September 25, 2004, and (2) an order of disposition of the same court, also dated February 25, 2004, as, upon so much of a fact-finding order of the same court dated October 10, 2003, made

after a hearing, finding that they neglected the children Jonathan W. and Joshua W., placed those children with the mother until September 25, 2004, under the supervision of the Administration for Children's Services. The appeals bring up for review the fact-finding orders dated October 10, 2003.

Ordered that the appeals from so much of the order of disposition as placed the child Leneya W. in the custody of the Administration for Children's Services until September 25, 2004, are dismissed as academic as the period of placement has expired; and it is further,

Ordered that the appeals from so much of the order of disposition as placed the children Jonathan W. and Joshua W. with the mother until September 25, 2004, under the supervision of the Administration for Children's Services, are dismissed as academic as the period of placement has expired; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of disposition as placed the child Leneya W. in the custody of the Administration for Children's Services until September 25, 2004, and as placed the children Jonathan W. and Joshua W. with the mother until September 25, 2004, under the supervision of the Administration for Children's Services, must be dismissed as academic because those provisions of the orders expired by their own terms on September 25, 2004 (*see Matter of Sal D.*, 307 AD2d 261 [2003]). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the status of the mother and the stepfather in any future proceedings. Therefore, the appeals from so much of the orders of disposition as bring up for review the determination that the mother and stepfather neglected the subject children are not academic (*id.*).

The Family Court properly determined that the stepfather neglected the children. The petitioner established by a preponderance of the evidence that the stepfather subjected the children to excessive corporal punishment (*see Matter of Sal D., supra; Matter of Dareth O.*, 304 AD2d 667, 668 [2003]; *Matter of Jasmine R.*, 258 AD2d 361, 362 [1999]).

Further, the petitioner established by a preponderance of the evidence that the mother knew about the use of excessive corporal punishment. This evidence was sufficient to support a finding of neglect against the mother for the failure to protect the children from excessive use of corporal punishment (*see Matter of Carlos M.*, 293 AD2d 617, 619 [2002]; *Matter of Danielle S.*, 282 AD2d 680, 681 [2001]; *Matter of New York City*

*Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608, 609 [1993]).

The parties' remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.