■ In the Matter of RAKIM W., an Infant. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUWAUNEY W., Appellant. (Proceeding No. 1.) In the Matter of KHALIL W., an Infant. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUWAUNEY W., Appellant. (Proceeding No. 2.) [793 NYS2d 76]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Dutchess County (Forman, J.), entered January 27, 2004, with respect to Proceeding No. 1, which, upon a fact-finding order of the same court dated April 21, 2003, made after a fact-finding hearing, finding that she had neglected her child Rakim, inter alia, placed him in the petitioner's custody for a period of up to 12 months, (2) an amended fact-finding order of the same court entered January 30, 2004, with respect to both proceedings, which, after a fact-finding hearing, found that she had neglected her child Rakim and derivatively neglected her child Khalil, (3) an amended order of disposition of the same court entered March 8, 2004, with respect to both proceedings, which, upon a fact-finding order of the same court dated January 23, 2004, made after a fact-finding hearing, finding that she had neglected her child Rakim and derivatively neglected her child Khalil, inter alia, placed them in the petitioner's custody for a period of up to 12 months, and (4) an order of the same court entered March 8, 2004. The appeal from the order of disposition entered March 8, 2004, brings up for review the fact-finding order dated January 23, 2004.

Ordered that the appeals from the order of disposition entered January 27, 2004, and the amended fact-finding order entered January 30, 2004, are dismissed, without costs or disbursements, as those orders were superseded by the amended order of disposition entered March 8, 2004; and it is further,

Ordered that the appeal from the order entered March 8,

2004, is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal from so much of the amended order of disposition entered March 8, 2004, as placed the children in the petitioner's custody for a period of up to 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the amended order of disposition entered March 8, 2004, is affirmed insofar as reviewed, without costs or disbursements.

The fact-finding order of the Family Court dated April 21, 2003, which, after a fact-finding hearing, found that the mother had neglected her child Rakim, was the subject of a separate appeal, and was affirmed by decision and order of this Court dated August 23, 2004 (*see Matter of Rakim W.,* 10 AD3d 453 [2004]). Therefore, we do not review the fact-finding order dated April 21, 2003, on this appeal.

Contrary to the mother's contention, the Family Court's determination that she neglected her older child Rakim, and derivatively neglected her infant Khalil, was supported by a preponderance of the evidence. A "neglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). "Significantly, actual injury or impairment is not required, and a finding of neglect may be made provided a preponderance of the evidence demonstrates that the child is in 'imminent danger' of injury or impairment" (*Matter of Salvatore C.,* 6 AD3d 431, 432 [2004], quoting *Matter of Katie R.,* 251 AD2d 698, 699 [1998]; *see Matter of Maroney v Perales,* 102 AD2d 487, 489 [1984]). Moreover, where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see Matter of Todd D.,* 9 AD3d 462, 463 [2004]; *Matter of Jessica DiB.,* 6 AD3d 533, 534 [2004]). The credible evidence adduced at the fact-finding hearing demonstrated that the mother placed Rakim at risk of harm by leaving him with her parents despite the petitioner's admonishment that her parents were not suitable guardians (*see Matter of Paul U.,* 12 AD3d 969 [2004]; *Matter of Frank Y.,* 11 AD3d 740, 741 [2004]). The mother was aware that her younger sister had been removed from her parents' custody because of their use of excessive corporal punishment. Furthermore, while Rakim was in the mother's care he suffered an "alarming" decline in

weight, dropping to the fifth weight percentile for a child his age. When questioned about Rakim's weight loss, the mother admitted to a nurse that she sometimes "forgot to feed" the child. Under these circumstances, the Family Court properly concluded that the mother neglected Rakim by placing his physical, mental, and emotional condition in imminent danger of impairment, and derivatively neglected her infant Khalil.

The mother's remaining contentions are without merit. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.