■ In the Matter of JOSEPH O., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MANUEL O., Appellant, et al., Respondent. [813 NYS2d 213]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Dutchess County (Sammarco, J.), dated March 17, 2005, which found that he had neglected the subject child.

Ordered that the fact-finding order is modified, on the law, by deleting the provision thereof finding that the father neglected the child by his excessive consumption of alcohol resulting in physical and emotional harm to the child; as so modified, the fact-finding order is affirmed, without costs or disbursements.

A "neglected child" is defined, in part, as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Actual injury or impairment is not required, and a finding of neglect may be made if a preponderance of the evidence demonstrates that the child is in "imminent danger" of injury or impairment (*Matter of Rakim*

*W.,* 17 AD3d 376, 377 [2005]; *see Matter of Salvatore C.,* 6 AD3d 431, 432 [2004]; *Matter of Katie R.,* 251 AD2d 698, 699 [1998]).

The Family Court's finding of neglect based on the use of excessive corporal punishment and acts of domestic violence was supported by a preponderance of the evidence. The evidence demonstrated that the father was arrested for endangering the welfare of a minor during an incident on March 6, 2004 when he threw Joseph on the floor after pushing Joseph's mother and hitting Joseph's older half brother. This constituted excessive corporal punishment which subjected Joseph to a substantial risk of physical and emotional harm (*see Matter of Sheneika V.,* 20 AD3d 541, 542 [2005]; *Matter of Starcy G.,* 13 AD3d 532, 533 [2004]; *Matter of Sal D.,* 307 AD2d 261, 262, 263 [2003]). Where issues of credibility are concerned, the hearing court is entitled to great deference (*see Matter of Sheneika V., supra; Matter of Todd D.,* 9 AD3d 462, 463 [2004]). Thus, the Family Court was entitled to accept the mother's testimony instead of the conflicting testimony of the father.

Since the petition failed to allege that the father neglected Joseph due to excessive alcohol consumption resulting in physical and emotional harm to Joseph, and was not amended in accordance with Family Court Act § 1051 (b), the Family Court's finding that the father neglected Joseph by his excessive consumption of alcohol was improper (*see Matter of Stephanie R.,* 21 AD3d 417, 418 [2005]). Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.