In the Matter of DEREK P., JR., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK P., SR., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SHAMIRA P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK P., SR., Appellant, et al., Respondent. (Proceeding No. 2.) [841 NYS2d 644]—

In related child neglect proceedings pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Kings County (Elkins, J.), dated March 14, 2006, which, upon a fact-finding order of the same court dated March 11, 2004, made after a hearing, finding that the appellant had neglected his children, extended the placement of the children until the next permanency hearing to be held within six months from the date of the order of disposition. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as extended the placement of the children is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as extended the placement of the children must be dismissed as academic because the period of placement has expired (*see Matter of H. Children*, 276 AD2d 485 [2000]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings (*see Matter of Sal D.*, 307 AD2d 261, 262 [2003];

*Matter of H. Children, supra*). Therefore, the appeal from so much of the dispositional order as brings up for review the determination that the appellant neglected his children is not academic (*see Matter of Sal D., supra; Matter of H. Children, supra*).

Contrary to the appellant's contention, the Family Court's finding of neglect based on the use of excessive corporal punishment and acts of domestic violence perpetrated in the presence of the children is supported by a preponderance of the evidence (*see Matter of Sheneika V.,* 20 AD3d 541, 542 [2005]; *Matter of Aminat O.,* 20 AD3d 480, 481 [2005]; *Matter of Richard T.,* 12 AD3d 986, 987-988 [2004]; *Matter of Athena M.,* 253 AD2d 669 [1998]). Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.