— In related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and *484 disposition (one paper) of the Family Court, Kings County (Danoff, J.), dated July 12, 2007, which, inter alia, found that Shanice W was a neglected child, and that Daniel W and Ronald W were derivatively neglected children, within the meaning of Family Court Act § 1012 (f) (i) (B), placed the father under the petitioner’s supervision until January 10, 2008, under certain terms and conditions, and placed the subject children in the custody of the nonparty stepmother, for a period of six months effective July 11, 2007.
Ordered that the appeal from so much of the order of fact-finding and disposition as placed the father under the petitioner’s supervision, and placed the subject children in the custody of the nonparty stepmother is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of fact-finding and disposition as placed the father under the petitioner’s supervision, and placed the subject children in the custody of the nonparty stepmother, is dismissed as academic because the periods of placement have expired (see Matter of Derek P., 43 AD3d 938, 938-939 [2007]; Matter of Sal D., 307 AD2d 261, 262 [2003]; Matter of H. Children, 276 AD2d 485, 486 [2000]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the father’s status in any future proceedings. Therefore, the appeal from so much of the order as brings up for review the finding that the father neglected the subject children is not academic (see Matter of Derek P., 43 AD3d at 938-939; Matter of Sal D., 307 AD2d at 262; Matter of H. Children, 276 AD2d at 486).
Contrary to the father’s contention, the Family Court’s finding that he neglected the child Shanice W by inflicting excessive corporal punishment upon her is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Nicholas L., 50 AD3d 1141, 1142 [2008]; Matter of Derek P., 43 AD3d 938 [2007]). The evidence also was sufficient to support the Court’s derivative findings of neglect as to the children Daniel W. and Ronald W. (see Matter of Nicholas L., 50 AD3d 1141, 1142 [2008]; Matter of Dareth O., 304 AD2d 667 [2003]; Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694 [1993]).
The father’s remaining contentions either are unpreserved for appellate review or without merit. Rivera, J.E, Lifson, Miller and Eng, JJ., concur.