■ In the Matter of CRYSTAL S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELAINE S., Appellant. [902 NYS2d 623]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated November 21, 2008, as, after a fact-finding and dispositional hearing, found that she neglected the subject child.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the finding of neglect against the mother is vacated.

The Administration for Children's Services (hereinafter ACS) commenced the instant proceeding in September 2006, alleging that the child, Crystal, age 16, was neglected by the mother and the mother's boyfriend, who is not a party to this appeal. The petition alleged that the mother's boyfriend slapped Crystal in the face, grabbed her by the arm, pulled her hair, and pushed her against a wall. With respect to the mother, the petition alleged that she refused to allow Crystal to return home, despite services offered by ACS.

At a combined fact-finding and dispositional hearing, the

caseworker, who interviewed Crystal after the incident, testified that Crystal stated that when she arrived home at around midnight on September 6, 2006, her mother's boyfriend slapped her in the face. The caseworker observed a mark, a bruise, and small swelling the size of a quarter on Crystal's arm.

The mother testified that, on the day of the incident, Crystal left the house after she was specifically directed to stay home. When Crystal returned home around midnight, after her sister had located her at a friend's house and the mother told the friend to send her home, the mother told Crystal to go to her room. Instead, Crystal screamed at the mother's boyfriend in the kitchen, he screamed back "get out of my face," and they physically struggled with each other. The mother testified that she saw Crystal reach for a knife, so she came between her boyfriend and Crystal and held Crystal's arms to prevent her from reaching for the knife. The mother acknowledged that the swelling on Crystal's arm and the scratch was probably a result of her "holding her arms to prevent her from reaching for a knife."

At the conclusion of the hearing, the Family Court found that "we have a case of an out of control child who consistently disobeyed the rules of the home set down by the mother." However, based upon the mother's admission that she held Crystal "very hard," resulting in the injury to Crystal's arm, the Family Court found that a preponderance of the evidence demonstrated that the mother "failed to provide adequate care and guardianship of the child," and found that she had neglected Crystal. The Family Court suspended judgment until November 20, 2009, and directed the mother and Crystal to participate in family therapy, "with the mother to cooperate with monthly ACS supervision." By order dated November 23, 2009, the neglect petition against the mother was dismissed with prejudice.

Based upon the subsequent dismissal of the petition, the attorney for Crystal has moved in this Court to dismiss the instant appeal as academic. However, the fact that the proceeding was dismissed does not mean that the finding of neglect against the mother no longer stands (see Matter of Angela D., 175 AD2d 244, 245 [1991]), especially since the order dismissing the proceeding failed to vacate the neglect finding (cf. Matter of Makynli N., 17 Misc 3d 1127[A], 2007 NY Slip Op 52162[U] [2007]). Because the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings, the appeal from so much of the order as found that the mother neglected the

subject child is not academic (*see Matter of Daniel W.*, 56 AD3d 483, 484 [2008]; *Matter of Derek P.*, 43 AD3d 938, 938-939 [2007]; *Matter of Sal D.*, 307 AD2d 261, 262 [2003]; *Matter of H. Children*, 276 AD2d 485, 486 [2000]).

Turning to the merits, the mother contends that the Family Court improperly found that she neglected Crystal in the absence of any allegation in the petition that she bruised Crystal's arm. Given that the petition was not amended in accordance with Family Court Act § 1051 (b) to include this allegation, the Family Court's finding that the mother neglected Crystal by her use of physical force was improper (*see Matter of Joseph O.*, 28 AD3d 562, 563 [2006]; *Matter of Stephanie R.*, 21 AD3d 417, 418 [2005]). Moreover, while a single incident involving a parent's use of physical force may suffice to warrant a finding of neglect, there are instances where the record would not support such a finding, even where the parent's use of force was inappropriate (*see Matter of Corey Mc. [Tanya Mc.]*, 67 AD3d 1015, 1016 [2009]; *Matter of Chanika B.*, 60 AD3d 671, 672 [2009]; *Matter of Amanda E.*, 279 AD2d 917, 918-919 [2001]).

Under the circumstances of the instant case, the mother's use of physical force was justified to stop Crystal from escalating the altercation by grabbing a knife, the use of which could constitute deadly physical force (*see* Penal Law § 35.10 [1], [4]). Accordingly, the neglect finding against the mother must be vacated (*see Matter of Peter G.*, 6 AD3d 201, 206 [2004]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.

Motion by the attorney for the child to dismiss the appeal from an order of fact-finding and disposition of the Family Court, Kings County, dated November 21, 2008, on the ground that is has been rendered academic. By decision and order on motion of this Court dated February 17, 2010, the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.