■ In the Matter of AMELIA W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; GLORIA D.W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANESSA W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; GLORIA D.W., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ASHANTE W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; GLORIA D.W., Appellant, et al., Respondent. (Proceeding No. 3.) [908 NYS2d 742]—

In three related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding of the Family Court,

Richmond County (DiDomenico, J.), dated August 25, 2009, as, after a hearing, found that she neglected the subject children.

Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contention of the attorney for the children, the mother's appeal has not been rendered academic on the ground that the period of suspension, set forth in a subsequent dispositional order suspending judgment, has lapsed. Since the dispositional order was silent as to the legal consequences of the expiration of the period of suspension, the judgment did not expire by operation of law (*see Matter of Jonathan B.*, 5 AD3d 477 [2004]; *Matter of MN*, 16 Misc 3d 499, 508-509 [2007]).

The Family Court's determination that the mother neglected the subject children was supported by a preponderance of the evidence. A "neglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). "Significantly, actual injury or impairment is not required, and a finding of neglect may be made provided a preponderance of the evidence demonstrates that the child is in imminent danger of injury or impairment" (*Matter of Salvatore C.*, 6 AD3d 431, 432 [2004] [internal quotation marks omitted]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998]).

Here, the credible evidence demonstrated that, although the mother was aware of an incident in which her boyfriend had inflicted excessive corporal punishment upon the children Ashante W. and Anessa W. in the presence of the child Amelia W., which had resulted in orders of protection directing the boyfriend to stay away from the children and directing the mother to stay out of the home that she and the children had previously occupied with the boyfriend, the mother moved herself and the children back into the boyfriend's home approximately three weeks after the incident. Under these circumstances, the Family Court properly determined that the mother neglected the children by failing to exercise a minimum degree of care in providing them with proper supervision or guardianship, thereby exposing them to an imminent risk of harm by her boyfriend (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Devontay M.*, 56 AD3d 561 [2008]; *Matter of Rakim W.*, 17 AD3d 376 [2005]; *Matter of Susan B.*, 264 AD2d 478, 478-479 [1999]; *Matter of Jessica D.*, 208 AD2d 626 [1994]). Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.