In the Matter of TYLER C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREA G., Appellant et al.,

Respondent. (Proceeding No. 1.) In the Matter of MATTHEW M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREA G., Appellant, et al., Respondent. (Proceeding No. 2.) [919 NYS2d 344]—

The appeal from so much of the order of disposition as placed Tyler C. in the custody of the child's natural father and Matthew M. in the custody of his maternal grandparents under the supervision of the Suffolk County Department of Social Services until the completion of the next permanency hearing is dismissed as academic since, subsequent to the order appealed from, the Family Court issued an order granting the petition of Tyler C.'s natural father seeking custody of both children pursuant to Family Court Act article 6. Therefore, any corrective measures which the Family Court might have taken with respect to that part of the order appealed from would have no practical effect (*see Matter of Lateesha J.*, 252 AD2d 503 [1998]; *Matter of Commissioner of Social Servs. v Anne F.*, 225 AD2d 620 [1996]; *Matter of Catherine W. v Donald W.*, 166 AD2d 651 [1990]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings (*see Matter of Daniel W.*, 56 AD3d 483, 484 [2008]; *Matter of Sal D.*, 307 AD2d 261,

262 [2003]; *Matter of H. Children*, 276 AD2d 485, 486 [2000]). Therefore, the appeal from so much of the order of disposition as brings up for review the determination that the mother neglected her children is not academic (*see Matter of Daniel W.*, 56 AD3d at 484; *Matter of Sal D.*, 307 AD2d at 262; *Matter of H. Children*, 276 AD2d at 486).

The petitioner established, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the mother's course of conduct impaired the subject children's physical, mental, or emotional well-being, or placed them in imminent danger of such impairment (*see* Family Ct Act § 1012 [f]; *Matter of Amelia W. [Gloria D.W.]*, 77 AD3d 841 [2010]; *Matter of Devontay M.*, 56 AD3d 561 [2008]; *Matter of Susan B.*, 264 AD2d 478 [1999]; *see also Nicholson v Scoppetta*, 3 NY3d 357 [2004]; *Matter of Angelique L.*, 42 AD3d 569 [2007]; *Matter of Christopher B.*, 26 AD3d 431 [2006]). Accordingly, the Family Court properly found that she had neglected the subject children. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.