In the Matter of LISBETH H., a Child Alleged to be Abused and/or Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMY H., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CHRISTINA R., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMY H., Appellant, et al., Respondent. (Proceeding No. 2.) [920 NYS2d 680]—

In related child neglect and abuse proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, (1) from so much of a fact-finding order of the Family Court, Nassau County (Greenberg, J.), dated June 19, 2009, as, after a fact-finding hearing, upon finding that Ramon R. sexually abused Lisbeth H. and derivatively neglected Christina R., determined that she neglected Lisbeth H. and Christina R. by failing to protect them from Ramon R., and (2) from so much of an order of disposition of the same court dated October 5, 2009, as, after a dispositional hearing, placed her under the supervision of the Nassau County Department of Social Services and directed her to attend counseling with the children as directed by the Nassau County Department of Social Services until October 4, 2010.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the mother under the supervision of the Nassau County Department of Social Services and ordered her to attend counseling with the children as directed by the Nassau County Department of Social Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The appeal from so much of the order of disposition as placed the mother under the petitioner's supervision and directed that she attend counseling with the children during the period of supervision must be dismissed as academic because the period of supervision has expired (*see Matter of Daniel W.*, 56 AD3d 483, 484 [2008]; *Matter of Derek P.*, 43 AD3d 938 [2007]; *Matter of Jonathan W.*, 17 AD3d 374, 375 [2005]; *Matter of Sal D.*, 307 AD2d 261, 262 [2003]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the subject children is not academic (*see Matter of Crystal S. [Elaine S.]*, 74 AD3d 823, 824 [2010]; *Matter of Daniel W.*, 56 AD3d at 484; *Matter of Derek P.*, 43 AD3d 938 [2007]; *Matter of Jonathan W.*, 17 AD3d 374, 375 [2005]).

Contrary to the mother's contention, the Family Court's finding that she neglected the children because she failed to protect them from Ramon R., who had sexually abused Lisbeth H., is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [1]; *Matter of Amelia W. [Gloria D.W.]*, 77 AD3d 841 [2010]; *Matter of Devontay M.*, 56 AD3d 561 [2008]; *Matter of Rakim W.*, 17 AD3d 376 [2005]). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.