■ In the Matter of KYANNA T., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WINSTON R. et al., Ap-

pellants. (Proceeding No. 1.) In the Matter of JAMELLA R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WINSTON R. et al., Appellants. (Proceeding No. 2.) In the Matter of KEN T., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WINSTON R. et al., Appellants. (Proceeding No. 3.) In the Matter of ISIAIAH R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WINSTON R. et al., Appellants. (Proceeding No. 4.) [953 NYS2d 121]—

The appeal from so much of the order of disposition as placed the mother and Winston R. under the supervision of the New York City Commissioner of Children's Services until July 21, 2011, must be dismissed as academic, as the period of supervision has expired (*see Matter of Lisbeth H. [Noemy H.]*, 83 AD3d 836, 836 [2011]; *Matter of Daniel W.*, 56 AD3d 483, 484 [2008]). The adjudications of abuse, derivative abuse, neglect, and derivative neglect, however, constitute a permanent and significant stigma which might indirectly affect the appellants' status in future proceedings. Therefore, the appeals from the portions of the order of disposition which bring up for review the findings of abuse, derivative abuse, neglect, and derivative neglect in the fact-finding order are not academic (*see Matter of Crystal S. [Elaine S.]*, 74 AD3d 823, 824-825 [2010]; *Matter of Derek P.*, 43 AD3d 938, 938-939 [2007]).

The petitioner established by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that Winston R. sexually abused Kyanna T. in the presence of the child Jamella R. The petitioner further established by a preponderance of the evidence that the mother neglected Kyanna T. by failing to take actions to protect her or to investigate whether Jamella R.'s allegations of the sexual abuse were true, and by permitting Winston R. to continue to reside with Kyanna T. after she was informed by the child Jamella R. that such abuse had taken place (*see Matter of Heather S.*, 19 AD3d 606, 608 [2005]). Kyanna T.'s out-of-court statements were corroborated by her sworn in-court testimony, the out-of-court statements by the child Jamella R. who witnessed the abuse, and by expert testimony (*see Matter of Alaysha E. [John R.E.]*, 94 AD3d 988, 988-989 [2012]). In light of the conflicting testimony presented at the hearing, the factual findings of the Family Court turned largely on its assessment of the credibility of the witnesses, which is entitled to great weight (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1176 [2010]).

A finding of sexual abuse of one child does not by itself establish that other children in the household have been derivatively abused or neglected (*id.* at 1177). Here, however, Winston R.'s abuse of Kyanna T. in the presence of Jamella R. evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding that Winston R. derivatively abused Jamella R. and derivatively neglected the children Ken T. and Isiaiah R. (*see id.*; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922, 922 [2009]).

Furthermore, the finding that the mother derivatively neglected the children Jamella R., Ken T., and Isiaiah R. is supported by the evidence of her neglect of the child Kyanna T. That evidence established that the mother lacked an understanding of her parental responsibilities (*see Matter of Heather S.*, 19 AD3d at 608).

The record further demonstrates that the Family Court did not err in excluding Winston R. and the mother from the courtroom during Kyanna T.'s testimony. The Family Court properly balanced the respective interests of the parties and reasonably concluded that Kyanna T. would suffer emotional trauma were she compelled to testify in their presence (*see Matter of Elisha M.W. [Ronald W.]*, 96 AD3d 863, 864 [2012]; *Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d 961, 962 [2011]; *cf. Matter of Heather S.*, 19 AD3d at 609). Moreover, because the attorneys for Winston R. and the mother were present during Kyanna T.'s testimony and cross-examined her on their behalf, the constitutional rights of the mother and Winston R. were not violated by their exclusion from the courtroom (*see Matter of Elisha M.W. [Ronald W.]*, 96 AD3d at 864; *Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d at 962; *Matter of Q.-L. H.*, 27 AD3d 738, 739 [2006]). Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.