■ In the Matter of AMIER H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHELLYANN C.H., Appellant. (Proceeding No. 1.) In the Matter of TYESHA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHELLYANN C.H., Appellant. (Proceeding No. 2.) In the Matter of TASHANNA T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHELLYANN C.H., Appellant. (Proceeding No. 3.) [966 NYS2d 182]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated March 13, 2012, which, after a hearing, found that she neglected the subject children, and (2) an order of disposition of the same court dated May 17, 2012, which, after a hearing, placed the children in the custody of the Commissioner of Social Services of Kings County.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceedings are dismissed.

The petitions in this matter alleged that the mother abused or neglected the three subject children, based on an incident occurring on September 9, 2010. At the fact-finding hearing, the

petitioner presented evidence of additional incidents of domestic violence in the home that occurred prior to the incident of September 9, 2010.

In finding that the mother neglected the subject children, the Family Court improperly relied upon the evidence relating to the additional incidents of domestic violence in the home, which were not alleged in the petitions (*see* Family Ct Act § 1051 [b]; *Matter of Shawniece E.*, 110 AD2d 900 [1985]). Since the Family Court failed to amend the petition or give the mother time to prepare an answer to the new allegations, and the evidence presented at the fact-finding hearing did not support a finding of neglect based on the mother's actions on September 9, 2010, the finding of neglect must be vacated, and the proceedings must be dismissed (*see Matter of Crystal S. [Elaine S.]*, 74 AD3d 823 [2010]; *Matter of Joseph O.*, 28 AD3d 562 [2006]).

The parties' remaining contentions need not be reached in light of this determination. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.