In three related child protective proceedings pursuant to Family Court Act article 10, Arnold A. appeals, as limited by his brief, from so much of two orders of disposition (one as to the child Monica C.M., and one as to the children Brandon J. and Joshua A.) of the Family Court, Queens County (Richter, J.), both dated June 24, 2011, as, upon a fact-finding order of the same court dated February 23, 2011, made after a hearing, finding that he sexually abused and neglected the child Monica C.M. and derivatively neglected the children Brandon J. and Joshua A., placed the child Monica C.M. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, released the children Brandon J. and Joshua A. to the custody of the mother, and placed him under the supervision of the Commissioner of Children’s Services of the City of New York until June 24, 2012. The appeals from the orders of disposition bring up for review the fact-finding order.
Ordered that the appeals from so much of the orders of disposition as placed Arnold A. under the supervision of the Commissioner of Social Services of the City of New York until June 24, 2012, are dismissed, without costs or disbursements; and it is further,
Ordered that the order of disposition regarding the child Monica C.M. is affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the order of disposition regarding the children Brandon J. and Joshua A. is modified, on the facts, by deleting the provision thereof finding that Arnold A. derivatively neglected the child Joshua A.; as so modified, that order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.
*997 The appeal from so much of the orders of disposition as placed Arnold A. under the supervision of the Commissioner of Social Services of the City of New York until June 24, 2012, must be dismissed as academic, as the period of supervision has expired (see Matter of Kyanna T. [Winston R.], 99 AD 3d 1011, 1013 [2012]; Matter of Lisbeth H. [Noemy HJ, 83 AD3d 836, 837 [2011]; Matter of Jordan E., 57 AD3d 539 [2008]). The adjudications of abuse, neglect, and derivative neglect, however, constitute a permanent and significant stigma which might indirectly affect the appellant’s status in future proceedings. Therefore, the appeals from the portions of the orders of disposition which bring up for review the findings of abuse, neglect, and derivative neglect in the fact-finding order are not academic (see Matter of Kyanna T. [Winston RJ, 99 AD3d at 1013; Matter of Crystal S. [Elaine SJ, 74 AD3d 823, 824-825 [2010]).
The Family Court’s determination that the petitioner proved by a preponderance of the evidence that Arnold A. sexually abused his stepdaughter, Monica C.M., which largely turned on its assessment of the witnesses’ credibility, is supported by the record and, thus, will not be disturbed (see Matter of Justin J., 25 AD3d 1031, 1033 [2006]).
As to the Family Court’s finding of derivative neglect, a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (see Matter of Kyanna T. [Winston R.], 99 AD3d at 1013). The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent’s understanding of the duties of parenthood (see Matter of Jelani B., 54 AD3d 1032, 1033 [2008]). Here, a derivative finding of neglect as to the child Brandon J. was warranted since the abuse was perpetrated while he was in the home (see Matter of Kyanna T. [Winston R.], 99 AD3d at 1013; Matter of Ian H., 42 AD3d 701, 704 [2007]; Matter of Melissa L., 276 AD2d 856, 857 [2000]). However, given the limited duration and nature of the sexual abuse, as well as the remoteness in time between when Monica C.M. was abused and when Joshua A., the appellant’s biological son, was born more than four years later, there was insufficient evidence to support the Family Court’s determination that Arnold A. derivatively neglected Joshua A. (see Matter of Christina P., 275 AD2d 783, 784 [2000]). Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.