In the Matter of NOAH M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARLOS M., Appellant. [983 NYS2d 821]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Tally, J.), dated December 7, 2012, which denied, without a hearing, his motion pursuant to Family Court Act § 1061 to modify or vacate an order of fact-finding and disposition of the same court dated November 23, 2011.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the father's motion which was to vacate so much of the order of fact-finding and disposition dated November 23, 2011, as found that he neglected the subject child; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The Family Court properly denied that branch of the father's motion which was to modify so much of an order of fact-finding and disposition as placed the father under the petitioner's supervision for a stated period of time pursuant to an order suspending judgment in accordance with Family Court Act § 1052 (a) (i), as the period of supervision had expired (see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1061 at 143; see e.g. Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013 [2012]; Matter of Lisbeth H. [Noemy H.], 83 AD3d 836, 837 [2011]).

However, the Family Court should have held a hearing on that branch of the father's motion which was to vacate so much

of the order of fact-finding and disposition as found that he had neglected the subject child. Pursuant to Family Court Act § 1061, the court may modify an order issued during the course of a proceeding under article 10 for "good cause shown" (*see Matter of Kevin M.H. [Kevin H.]*, 102 AD3d 690, 691 [2013]; *Matter of Nicole KK.*, 46 AD3d 1267, 1268 [2007]; *Matter of Jeffrey X.*, 283 AD2d 687, 689 [2001]). Under the circumstances of this case, the Family Court should have conducted a hearing to determine whether the father demonstrated "good cause" to vacate the finding of neglect (*see Matter of Kevin M.H. [Kevin H.]*, 102 AD3d at 692; *Matter of Natasha M. [Gaston Y.]*, 94 AD3d 765, 766 [2012]; *Matter of Araynnah B. [Moshammet R.]*, 80 AD3d 608, 609 [2011]; *Matter of Angelina AA.*, 222 AD2d 967, 969 [1995]; *see also Matter of Crystal S. [Elaine S.]*, 74 AD3d 823 [2010]). Accordingly, the matter must be remitted to the Family Court, Queens County, for a hearing and, thereafter, a new determination on that branch of the motion. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.