Matter of Zana C. (Dana F.) (2019 NY Slip Op 02865)





Matter of Zana C. (Dana F.)


2019 NY Slip Op 02865


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02067
 (Docket No. N-30762-14)

[*1]In the Matter of Zana C. (Anonymous). Administration for Children's Services, respondent; Dana F. (Anonymous), appellant.


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Raymond E. Rogers, Alexandra Meeks, and Adam Starritt), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated January 2, 2018. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court (Barbara Salinitro, J.) dated June 29, 2016, made after a fact-finding hearing, finding, inter alia, that the mother neglected the subject child, and after a dispositional hearing, continued the placement of the subject child in the kinship foster home of her maternal aunt until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as continued the placement of the subject child in the kinship foster home of her maternal aunt until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services filed a petition against the mother, alleging, inter alia, that she had neglected the subject child, who was then nine years old, by inflicting excessive corporal punishment upon her. After a fact-finding hearing, the Family Court found that the allegations of the petition had been established by a preponderance of the evidence. Following a dispositional hearing, the court issued an order of disposition dated January 2, 2018, which, inter alia, continued the placement of the child with her maternal aunt until the completion of the next permanency hearing. The mother appeals.
The appeal from so much of the order of disposition as continued the placement of the child until the next permanency hearing must be dismissed as academic, as the period of [*2]placement has expired (see Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590; Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708; Matter of Derek P., 43 AD3d 938, 938). The adjudication of neglect, however, "constitutes a permanent and significant stigma which might indirectly affect the status of the mother in potential future proceedings" (Matter of Michael G. [Marie S.F.], 152 AD3d at 590). Therefore, the appeal from so much of the order of disposition as brings up for review the determination that the mother neglected the child is not academic (see id. at 590; see also Matter of Derek P., 43 AD3d at 939).
Parents possess a right to use reasonable physical force against a child to discipline or promote the child's welfare (see Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473; Matter of Isaiah S., 63 AD3d 948, 949; see also Penal Law § 35.10[1]). A parent's use of excessive corporal punishment, however, constitutes neglect (see Family Ct Act § 1012[f][i][B]; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 686; Matter of Matthew M. [Fatima M.], 109 AD3d at 473; Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669; Matter of Isaiah S., 63 AD3d at 949). A finding of neglect must be supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Isaiah S., 63 AD3d at 949). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Elisa V.[Hung V.], 159 AD3d 827, 828; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773; Matter of Sheneika V., 20 AD3d 541, 542).
Contrary to the mother's contention, the determination that she neglected the child by inflicting excessive corporal punishment upon her was supported by a preponderance of the evidence (see Matter of Maya B. [Muke B.], 156 AD3d 784, 785; Matter of Adam Christopher S. [Deborah D.], 120 AD3d 1110, 1110; Matter of Yanni D. [Hope J.], 95 AD3d 1313, 1314; Matter of Joseph O., 28 AD3d 562, 563; Matter of Sheneika V., 20 AD3d at 542). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference unless clearly unsupported by the record (see Matter of Vany A.C. [Laneska M.], 125 AD3d 650, 651; Matter of Negus T. [Fayme B.], 123 AD3d 836, 836). The credible evidence adduced at the fact-finding hearing established that the mother initiated an altercation with the child, physically attacking and choking her, in response to a dispute over ice pop flavors. Furthermore, there was evidence at the fact-finding hearing of additional incidents of the mother's use of excessive corporal punishment against the child (see Matter of Sheneika V., 20 AD3d at 542).
Accordingly, we agree with the Family Court's finding that the mother neglected the child.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court